# EXHIBIT E



NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

**CONFIDENTIAL**

June 17, 2011

**VIA FACSIMILE**

John L. Steele, Esquire
Steele Law Firm, LLC
161 North Clark Street, Suite 4700
Chicago, IL 60601
**Fax: (312) 893-5604**

Re: Copyright

Dear Mr. Steele:

    In order for Comcast to disclose personally identifiable information in a civil matter, subsection (c)(2)(B) requires "a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." Accordingly, Comcast will not be able to release the requested information in the absence of a court order that complies with Section 551. For your information, a copy of Section 551 is enclosed.

    If you have any questions regarding this matter, please feel free to call 866-947-8572.

Very Truly Yours,

Comcast Legal Response Center

47 USC § 551 (2002)

**§ 551. Protection of subscriber privacy**

(a) Notice to subscriber regarding personally identifiable information; definitions.

   (1) At the time of entering into an agreement to provide any cable service or other service to a subscriber and at least once a year thereafter, a cable operator shall provide notice in the form of a separate, written statement to such subscriber which clearly and conspicuously informs the subscriber of--
      (A) The nature of personally identifiable information collected or to be collected with respect to the subscriber and the nature of the use of such information;
      (B) The nature, frequency, and purpose of any disclosure, which may be made of such information, including an identification of the types of persons to whom the disclosure may be made;
      (C) The period during which such information will be maintained by the cable operator;
      (D) the times and place at which the subscriber may have access to such information in accordance with subsection (d); and
      (E) the limitations provided by this section with respect to the collection and disclosure of information by a cable operator and the right of the subscriber under subsections (f) and (h) to enforce such limitations.
   In the case of subscribers who have entered into such an agreement before the effective date of this section, such notice shall be provided within 180 days of such date and at least once a year thereafter.

   (2) For purposes of this section, other than subsection (h)--
      (A) the term "personally identifiable information" does not include any record of aggregate data which does not identify particular persons;
      (B) the term "other service" includes any wire or radio communications service provided using any of the facilities of a cable operator that are used in the provision of cable service; and
      (C) the term "cable operator" includes, in addition to persons within the definition of cable operator in section 602 [47 USC § 522], any person who (i) is owned or controlled by, or under common ownership or control with, a cable operator, and (ii) provides any wire or radio communications service.

(b) Collection of personally identifiable information using cable system.

   (1) Except as provided in paragraph (2), a cable operator shall not use the cable system to collect personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned.

   (2) A cable operator may use the cable system to collect such information in order to--
      (A) obtain information necessary to render a cable service or other service provided by the cable operator to the subscriber; or
      (B) detect unauthorized reception of cable communications.

(c) Disclosure of personally identifiable information.

   (1) Except as provided in paragraph (2), a cable operator shall not disclose personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator.

   (2) A cable operator may disclose such information if the disclosure is--
      (A) necessary to render, or conduct a legitimate business activity related to, a cable service or other service provided by the cable operator to the subscriber;
      (B) subject to subsection (h), made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed;
      (C) a disclosure of the names and addresses of subscribers to any cable service or other service, if--

      (i) the cable operator has provided the subscriber the opportunity to prohibit or limit such disclosure, and

      (ii) the disclosure does not reveal, directly or indirectly, the--

        (I) extent of any viewing or other use by the subscriber of a cable service or other service provided by the cable operator, or

        (II) the nature of any transaction made by the subscriber over the cable system of the cable operator; or

    (D) to a government entity as authorized under chapters 119, 121, or 206 of title 18, United States Code [*18 USC § § 2510* et seq., *2701* et seq., or *3121* et seq.], except that such disclosure shall not include records revealing cable subscriber selection of video programming from a cable operator.

**(d) Subscriber access to information.** A cable subscriber shall be provided access to all personally identifiable information regarding that subscriber which is collected and maintained by a cable operator. Such information shall be made available to the subscriber at reasonable times and at a convenient place designated by such cable operator. A cable subscriber shall be provided reasonable opportunity to correct any error in such information.

**(e) Destruction of information.** A cable operator shall destroy personally identifiable information if the information is no longer necessary for the purpose for which it was collected and there are no pending requests or orders for access to such information under subsection (d) or pursuant to a court order.

(f) Civil action in United States district court; damages; attorney's fees and costs; nonexclusive nature of remedy.

  (1) Any person aggrieved by any act of a cable operator in violation of this section may bring a civil action in a United States district court.

  (2) The court may award--
    (A) actual damages but not less than liquidated damages computed at the rate of $ 100 a day for each day of violation or $ 1,000, whichever is higher;
    (B) punitive damages; and
    (C) reasonable attorneys' fees and other litigation costs reasonably incurred.

  (3) The remedy provided by this section shall be in addition to any other lawful remedy available to a cable subscriber.

**(g) Regulation by States or franchising authorities.** Nothing in this title [*47 USC § § 521* et seq.] shall be construed to prohibit any State or any franchising authority from enacting or enforcing laws consistent with this section for the protection of subscriber privacy.

**(h) Disclosure of information to governmental entity pursuant to court order.** Except as provided in subsection (c)(2)(D), a governmental entity may obtain personally identifiable information concerning a cable subscriber pursuant to a court order only if, in the court proceeding relevant to such court order--

  (1) such entity offers clear and convincing evidence that the subject of the information is reasonably suspected of engaging in criminal activity and that the information sought would be material evidence in the case; and

  (2) the subject of the information is afforded the opportunity to appear and contest such entity's claim.