# EXHIBIT F

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Petitioner*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of a Petition By<br><br>INGENUITY 13, LLC, | No.<br><br>Judge:<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S VERIFIED PETITION TO PERPETUATE TESTIMONY** |

    Petitioner Ingenuity 13, LLC by and through its undersigned attorneys, respectfully submits this Memorandum of Law in support of Petitioner's Verified Petition for an order pursuant to Federal Rule of Civil Procedure 27 authorizing Petitioner to issue subpoenas *duces tecum* on certain Internet Service Providers.

## INTRODUCTION

    Petitioner Ingenuity 13, LLC is a producer of adult entertainment content. Petitioner brings this petition to preserve the value of its unique copyrighted work from those unlawfully reproducing and distributing it over the Internet. Petitioner has exhausted all other means in attempting to protect its work, and it now turns to this Court as its last line of defense. Currently anonymous individuals

(hereinafter the "infringers") illegally reproduced and distributed Petitioner's copyrighted work via the BitTorrent file sharing protocol and, upon information and belief, continue to do the same.

The infringers' identities are unknown to Petitioner. Instead, each infringer is known to Petitioner only by an Internet Protocol ("IP") address, which is a number assigned to devices, such as computers, connected to the Internet. In the course of monitoring Internet-based infringement of its copyrighted content, Petitioner's agents observed unlawful reproduction and distribution occurring among the IP addresses listed in Exhibit B to the petition, via the BitTorrent protocol. Petitioner cannot ascertain the infringers' actual identities without information from infringers' Internet Service Providers ("ISPs").

Petitioner brings this petition to ascertain the identities of those individuals illegally reproducing and distributing Petitioner's copyrighted work. Upon information and belief, infringers' ISPs can provide Petitioner with information sufficient to identify the infringers and name them in a federal lawsuit. Through this petition, Petitioner requests to serve subpoenas *duces tecum* to the ISPs listed on Exhibit A to this petition to release the information Petitioner requires. Petitioner seeks the name, address, telephone number, e-mail address and Media Control Access number of each account holder associated with the IP addresses listed on Exhibit B to the petition.

Other copyright holders have previously attempted to bring Doe Defendant actions for copyright infringement and has met with varying degrees of success. While some Courts have allowed Petitioner to seek expedited discovery against Doe Defendants, others have not. Accordingly, in Petitioner's view this action is Peitioner's only reliable means of discovering the identities of California-based infringers.

## **FACTUAL BACKGROUND**

Petitioner is the exclusive rights holder with respect to certain copyrighted works. The copyrighted work at issue in this petition has been granted a certificate of registration from the United States Copyright Office. The copyrighted work is legally available for purchase to bona fide purchasers, but was obtained by the infringers through illegal distribution means.

Petitioner used 6881 Forensics, LLC ("6881") to track and monitor individuals who infringe Petitioner's copyrighted work. 6881 employs proprietary peer-to-peer network forensic software that performs exhaustive real time monitoring of BitTorrent-based swarms involved in distributing Petitioner's copyrighted work. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct. Infringers, without Petitioner's authorization or license, intentionally downloaded a torrent file containing Petitioner's copyrighted work, purposefully loaded that torrent file into their BitTorrent clients, entered into the BitTorrent swarm particular to the file containing the copyrighted work, and reproduced and distributed the copyrighted work to numerous third parties. Petitioner observed the infringer's activities in the torrent swarm specific to the file containing Petitioner's copyrighted work.

Although the forensic software allows 6881 to observe the infringers' conduct, it does not allow 6881 access to the infringers' computers to obtain identifying information. Due to the partially anonymous nature of the BitTorrent distribution systems used by the infringers, the true names, street addresses, telephone numbers, e-mail address, and other identifying information of the infringers are unknown to Petitioner at this time. To the extent that persons using a peer-to-peer network identify themselves, they use "user names" or "network names" which typically are nicknames that do not disclose the true identity of the user, and do not indicate the residence or business address of the user. 6881's software can only identify the infringers by their IP address and the date and time they were detected in the swarm.

## ARGUMENT

I.  **THE CRITERIA FOR A RULE 27 DEPOSITION TO PERPETUATE TESTIMONY ARE SATISFIED**

Federal Rule of Civil Procedure 27 (hereinafter "Rule 27") provides that a court may issue an order authorizing the taking of testimony or gathering of physical evidence where there is a possibility that relevant testimony may be lost, destroyed or otherwise be unobtainable. Fed. R. Civ. P. 27(a). The Ninth Circuit has held that a Rule 27 Petition also applies to the perpetuation of applicable documents and things that would otherwise fall under the purview of Rule 34. *Martin v.*

*Reynolds Metals Corp.*, 297 F.2d 49, 55–56 (9th Cir. 1961) (analyzing Rule 27, and concluding that a district court has "the power" to grant a petitioner the inspection of documents and things under Rule 34 through a Rule 27 petition without requiring a concurrent deposition); *see also Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra*, 198 F.3d 473, 478 n.5 (4th Cir. 1999) (citing *Martin*, 297 F.2d at 56 for the proposition that "[p]erpetuation of testimony includes the inspection of documents and things") (noting the interchangeability of the words "testimony" and "evidence" in the context of a Rule 27 petition); *In re Hopson Marine Transp., Inc.*, 168 F.R.D. 560, 564 n.2 (E.D. La. 1996).

Petitions similar to the instant petition, seeking the identities of anonymous Internet users known only by their IP addresses, have been granted nationwide where the information is necessary to ascertain the names of adverse parties and the information sought would otherwise be destroyed. *E.g.*, *GWA, LLC v. Cox Commc'ns, Inc.*, No. 3:10-cv-741 (WWE), at 2–3, 2010 WL 1957864 (D. Conn. May 17, 2010); *General Bd. of Global Ministries of the United Methodist Church v. Cablevision Lightpath, Inc.*, No. CV 06-3669 (DRH) (ETB), at 7–9, 2006 WL 2807177 (E.D.N.Y. Nov. 30, 2006).

Per the Ninth Circuit, Rule 27 requires that a petitioner seeking discovery before litigation must: (1) show that petitioner is acting in anticipating of litigation in federal court; (2) adequately explain the substance of the information (testimony or other discovery) that petitioner seeks to obtain; and (3) present evidence that there is a significant risk that the evidence will be lost if it is not perpetuated. *See, e.g.*, *Tennison v. Henry*, 203 F.R.D. 435 (N.D. Cal. 2001). Petitioner addresses each of these elements below.

### A. Petitioner Brings this Petition in Anticipation of Civil Action Against Defendants for Copyright Infringement and Civil Conspiracy

This proceeding is brought under Rule 27 to perpetuate the inspection of documents and things in an anticipated civil action to be brought against defendant(s) under 17 U.S.C. §§ 101, *et seq.* for copyright infringement and civil conspiracy. Specifically, Petitioner claims infringer(s) illegally reproduced and distributed Petitioner's copyrighted creative work without Petitioner's

authorization by acting in concert with other anonymous individuals on the Internet via the BitTorrent file sharing protocol.

### B. Petitioner Seeks Information that Would Identify the Account Holders of the IP Addresses that Petitioner's Agents Observed Infringing Petitioner's Copyrighted Work

Petitioner seeks very specific and limited information: the name, address, telephone numbers, e-mail addresses and Media Control Access of the account holders associated with each IP address listed on Exhibit B to the Verified Petition. This information is crucial to Petitioner's eventual case against the infringer(s) and is currently in the possession of ISPs.

### C. The Information Petitioner Seeks Will be Destroyed or Deleted by the ISPs with a Short Period of Time

ISPs have variant policies regarding the length of time they preserve information about what IP address was associated with a given subscriber at a given date and time—as demonstrated by Exhibit C to the Verified Petition. Certain ISPs store this information for as short a period as weeks or even days before potentially permanently erasing the data they contain. *Id.* Petitioner needs access to this information now or there is a significant risk that the data will be made forever unavailable. Without access to the relevant data, Petitioner would be unable to bring its lawsuit to protect its copyrighted works.

## II. DISCOVERY OF THE INFORMATION SOUGHT IN PETITIONER'S SUBPOENAS IS CONSISTENT WITH NOTIONS OF FAIRNESS AND PRACTICALITY

Discovery of the information sought in Petitioner's subpoenas would not frustrate notions of fairness and practicality. The information requested by Petitioner is limited to the basic contact information of the account holders.  Petitioner intends to use the information disclosed pursuant to its subpoenas only for the purpose of protecting its rights under the copyright laws.  The information is readily obtainable from the ISPs and the disclosure of personally identifying information by cable providers was contemplated by Congress nearly three decades ago in the Cable Communications Policy Act of 1984, Pub. L. 98-549, § 2, 98 Stat. 2794 (codified as amended at 47 U.S.C. § 551 (2001)).  Cable operators may disclose such information *only* when ordered to do so by a court.

§ 551(c)(2)(B) (2001). *See also* Petition Exhibit E. The Act also requires an ISP to notify each subscriber about whom disclosure is sought about the subpoena, thus providing them with a notice of a pending subpoena and an opportunity to appear and object. *Id.*

### A. The ISPs Will Notify the Account Holders of Petitioner's Subpoena Request

Pursuant to the Cable Communications Policy Act of 1984, the account holders will be given notice of Petitioner's subpoena. *Id.* This notification will provide the account holders with notice of Petitioner's subpoena and an opportunity to appear and object to the disclosure of their information. *See infra* Section II(C) below.

### B. Account Holders Should Receive 30 Days from the Date of Service to File any Motions with this Court Contesting the Subpoena

As outlined in Petitioner's proposed order, account holders should receive 30 days from the date of service of notification to file a motion with this Court, if desired, to contest Petitioner's subpoena. This amount of time provides ample opportunity to raise an objection to Petitioner's discovery request with the Court. Account holders have standing to raise certain objections to Petitioner's subpoena. For example, under Federal Rule of Civil Procedure 45, an individual can move to quash a nonparty subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). Allowing the account holders to be heard ensures that due process is had and that the requirements of Rule 27 are met.

### C. The Subpoenaed Entity Will Preserve any Subpoenaed Information Pending the Resolution of any Timely Filed Motion to Quash

The ISPs should preserve contested data until the Court decides on a timely filed motion to quash so the rights of both Petitioner and the account holders are maintained. If an account holder files a motion to quash, the ISP should refrain from disclosing the information pending the Court's decision, but preserve the information so that it may be provided if the Court rules in Petitioner's favor.

7
MEMORANDUM OF LAW IN SUPPORT OF RULE 27 VERIFIED PETITION

**CONCLUSION**

Petitioner pleads that (i) the identities of the infringers are unknown to Petitioner, (ii) the identities of the infringers are likely known to the infringers' ISPs, and (iii) Petitioner needs this information to bring a copyright infringement lawsuit against the infringers. For the foregoing reasons, Petitioner respectfully requests that the Court issue on order requiring the ISPs listed in Exhibit A to provide Petitioner with the name, address, telephone number, e-mail address and Media Control Access of the account holders associated with each IP address listed in Exhibit B.

Respectfully Submitted,

Ingenuity 13 LLC,

**DATED: October 28, 2011**

By:      /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Petitioner*

8
MEMORANDUM OF LAW IN SUPPORT OF RULE 27 VERIFIED PETITION