Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Petitioner*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter Of a Petition By, ) <br> ) <br> INGENUITY 13 LLC, ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> _____ ) | No. 2:11-mc-00084 JAM DAD <br><br> **ORDER GRANTING PETITIONER'S VERIFIED PETITION TO PERPETUATE TESTIMONY** |

**ORDER GRANTING PETITIONER'S VERIFIED PETITION TO PERPETUATE TESTIMONY**

On October 28, 2011, Plaintiff filed its Verified Petition to Perpetuate Tetimony (hereinafter merely "Petition") pursuant to Federal Rule of Civil Procedure ("FRCP") 27. In its Petition, Petitioner requested an Order from this Court pursuant to FRCP 27 authorizing the issuance of subpoenas *duces tecum* to the Internet Service Providers ("ISP") listed on Exhibit A to its Petition. Having considered Petitoiner's Petition, Exhibits, and suporting Memorandum of Law, the Court hereby finds that Petitioner has satisfied the necessary elements required by the Ninth Circuit when bringing forth a FRCP 27 petition. *See, e.g., Tennison v. Henry,* 203 F.R.D. 435 (N.D. Cal. 2001) (elements discussed). Specifically, Petitioner has shown that discovery is essential to permit Petitioner to bring suit against a potential defendant(s), and this information sought may soon no longer be available to Petitioner. *See GWA, LLC v. Cox Communications, Inc.,* No. #:10-cv-741

(WWE), 2010 WL 1957864, at *1 (D. Conn. May 17, 2010) (granting Rule 27 request by prospective plaintiff to subpoena information from communications company for purposes of learning the identity of a subscriber using a certain IP address so that individual could be named as a defendant in an action alleging unauthorized access to plaintiff's computer system); *General Board of Global Ministries of the United Methodist Church v. Cablevision Lightpath, Inc.,* No. CV 06-3669 (DRH)(ETB, 2006 WL 3479332, at *4-5 (E.D.N.Y. Nov. 30, 2006) (granting Rule 27 request where the "identity of the unknown party defendant may be obtained through Cablevision, which is able to match the IP address to its subscriber" and where Cablevision destroys that information in the ordinary course of business after 90 days).

In light of this, the Court hereby **GRANTS** Petitioner's Petition and adopts the general discovery plan proposed in Plaintiff's Memorandum of Law in Support of Rule 27 Verified Petition.

Accordingly, IT IS ORDERED THAT:

1. Petitioner may immediately serve Rule 45 subpoenas on the ISPs listed in Exhibit A to the Petition to obtain the following information about the subscribers corresponding to the IP addresses listed on Exhibit B: the names, addresses, telephone numbers, email addresses, and media access control information. Each subpoena shall have a copy of this Order attached.

2. Each ISP will have thirty (30) days from the date a copy of this Order and a copy of the subpoena are served to respond, so that it may have sufficient time to provide notice to the subscribers whose information Petitioner seeks to obtain.

3. Acount holders shall have thirty (30) days from the date of notice of the subpoena upon them to file relevant motions in this Court to contest the

subpoena. Account holders only have standing to raise certain objections to Petitioner's subpoena. For example, under Federal Rule of Civil Procedure 45, an individual can move to quash a nonparty subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). If the thirty-day period lapses without a contest, the ISPs will have ten (10) days thereafter to produce the information responsive to the subpoena to Petitioner.

4. The subpoenaed entity shall preserve any subpoenaed information pending the resolution of any time-filed motion to quash.

5. Any ISP that receives a subpoena pursuant to this Order shall confer with Petitioner before assesing any charge in advance of providing the information requested in the subpoena. Any ISP that elects to charge for the costs of production shall provide Petitioner with a billing summary and cost reports.

6. Petitioner shall serve a copy of this Order along with any subpoenas issued pursuant to this Order to the necessary ISP entities.

7. Any information disclosed to Petitioner in response to a Rule 45 subpoena may not be used for any improper purpose and may only be used for protecting its rights as set forth in the Petition.

IT IS SO ORDERED.

Dated: 11/11/2011

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

3

[PROPOSED] ORDER GRANTING VERIFIED PETITION TO PERPETUATE

DDAD1/orders.civil/ingenuity13llc.0084.prop-order.ReR27.doc

[PROPOSED] ORDER GRANTING VERIFIED PETITION TO PERPETUATE