1  DEANNE E. MAYNARD (Pro Hac Vice To Be Submitted)
   MORRISON & FOERSTER LLP
2  2000 Pennsylvania Avenue, NW
   Washington, D.C.  20006-1888
3  Telephone:  (202) 887-1500
   DMaynard@mofo.com
4
   BENJAMIN J. FOX (CA SBN 193374)
5  MORRISON & FOERSTER LLP
   555 West Fifth Street
6  Los Angeles, California  90013-1024
   Telephone:  (213) 892-5200
7  BFox@mofo.com
8  Attorneys for Respondents Cox Communications, Road
   Runner Holdco LLC, and Verizon Online LLC
9
   (Counsel for Respondent SBC Internet Services, Inc. d/b/a
10 AT&T Internet Services Listed at Conclusion of Brief)

11

12                   UNITED STATES DISTRICT COURT

13                   EASTERN DISTRICT OF CALIFORNIA

14

15 In the Matter Of a Petition By        No.  2:11-mc-00084-JAM-DAD

16 INGENUITY13, LLC,
                                          **MOTION FOR RECONSIDERATION**
17                    Petitioner.         **BY THE DISTRICT JUDGE OF THE**
                                          **MAGISTRATE JUDGE'S ORDER**
18                                        **GRANTING INGENUITY13 LLC'S**
                                          **PETITION TO PERPETUATE**
19                                        **TESTIMONY; MEMORANDUM OF**
                                          **POINTS AND AUTHORITIES**
20
                                          [Fed. R. Civ. P. 27(a) Proceeding]
21
                                          [Reconsideration Respectfully Requested
22                                        Pursuant to Local Rule 303]

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ....................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 2

I.     INTRODUCTION ................................................................................ 2

II.    RELEVANT FACTUAL BACKGROUND .................................................. 4

     A.    The Allegations in Ingenuity's Petition and the Relief Sought by Petitioner. .................................................................................. 4

     B.    Service of the Petition and Entry of the Magistrate Judge's Order ....................... 6

III.   THE APPLICABLE LEGAL STANDARDS ................................................. 6

     A.    Legal Standards on Motions for Reconsideration. .................................................. 6

     B.    The Statutory Requirements for Perpetuating Testimony Under Rule 27.. ....................................................................................... 6

IV.   INGENUITY'S PETITION DOES NOT COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 27 AND SHOULD HAVE BEEN DENIED ................................ 7

     A.    Ingenuity Failed to Satisfy Its Burden to Show That It Is Unable to Bring a Lawsuit Using Proper Doe Defendant Pleading ...................................... 7

     B.    Rule 27 Is Intended Only to "Perpetuate" *Known* Testimony, Not to Discover Information Currently Unknown to Petitioner ........................... 9

     C.    The Requirements for Service Upon All Expected Adverse Parties or Court-Appointed Counsel to Represent Them — Neither of Which Happened Here — Render the Petition Fatally Defective .................................... 11

     D.    Denying the Petition Would Not Result in a "Failure or Delay of Justice." ...................................................................................... 12

V.    CONCLUSION ................................................................................... 13

ATTACHMENT A ................................................................................... 14

i

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**CASES**

4

*AF Holdings LLC v. Doe,*
        No. C-11-03336, 2011 U.S. Dist. LEXIS 114323 (N.D. Cal. Oct. 4, 2011) ............................ 8

5

*Ash v. Cort,*
        512 F.2d 909 (3d Cir. 1975) ............................................................................................. 2

6

7

*Briscoe v. Winslow Twp.,*
        No. 10-2824, 2010 U.S. Dist. LEXIS 86248 (D.N.J. Aug. 23, 2010) ............................... 8, 10

8

9

*Digital Sin, Inc. v. Doe,*
        No. 11-04397, 2011 U.S. Dist. LEXIS 128033 (N.D. Cal. Nov. 4, 2011) ........................ 3, 13

10

*General Board of Global Ministries v. Cablevision Lightpath, Inc.,*
        No. 06-3669, 2006 WL 3479332 (E.D.N.Y. Nov. 30, 2006) ........................................... 10, 11

11

12

*GWA, LLC v. Cox Communs., Inc.,*
        No. 10-cv-741, 2010 WL 1957864 (D. Conn. May 17, 2010) ............................................. 10

13

14

*Hard Drive Prods. v. Doe,*
        No. 11-03827, 2011 U.S. Dist. LEXIS 127428 (N.D. Cal. Nov. 3, 2011) ............................ 3

15

*Haire v. United States,*
        869 F.2d 531 (9th Cir. 1989) ............................................................................................. 10

16

17

*In re I-35W Bridge Collapse Site Inspection,*
        243 F.R.D. 349 (D. Minn. 2007) ...................................................................................... 8, 12

18

19

*In re Allegretti,*
        229 F.R.D. 93 (S.D.N.Y. 2005) ......................................................................................... 9

20

*In re Application of Checkosky,*
        142 F.R.D. 4 (D.D.C. 1992) ............................................................................................. 9, 10

21

22

*In re Ford,*
        170 F.R.D. 504 (M.D. Ala. 1997) ..................................................................................... 9

23

24

*In re Landry-Bell,*
        232 F.R.D. 266 (W.D. La. 2005) ...................................................................................... 8, 9, 10

25

*In re Ramirez,*
        241 F.R.D. 595 (W.D. Tex. 2006) ..................................................................................... 9

26

27

*In re Vratoric,*
        No. 2:09-mc-284, 2009 U.S. Dist. LEXIS 98703 (W.D. Pa. Oct. 23, 2009) ....................... 10

28

**TABLE OF AUTHORITIES**
*continued*

CASES (CONT'D)                                                    Page(s)

*In re Winning (HK) Shipping Co.*,
    No. 09-22659, 2010 U.S. Dist. LEXIS 54290 (S.D. Fla. Aug. 30, 2010).............................. 7

*In re Yamaha Motor Corp.*,
    251 F.R.D. 97 (N.D.N.Y. 2008)........................................................................................... 8

*Lerma v. Arends*,
    No. 1:11-cv-00533, 2011 U.S. Dist. LEXIS 66379 (E.D. Cal. June 22, 2011) ...................... 6

*Link v. Wabash R. Co.*,
    370 U.S. 626 (1962) ........................................................................................................... 6

*Lucas v. JAG*,
    No. 06-CV-1521, 2006 U.S. Dist. LEXIS 90872 (S.D. Cal. Dec. 15, 2006)........................ 10

*McGip, LLC v. Doe*,
    No. 11-02331, 2011 U.S. Dist. LEXIS 85363 (N.D. Cal. Aug. 3, 2011) ............................... 3

*McIntyre v. Ohio Elections Comm'n*,
    514 U.S. 334 (1995)........................................................................................................... 12

*Merritt v. Cty. of Los Angeles*,
    875 F.2d 765 (9th Cir. 1989)........................................................................................... 8, 12

*Nevada v. O'Leary*,
    63 F.3d 932 (9th Cir. 1995)..............................................................................2, 7, 9, 11, 12

*Openmind Solutions, Inc. v. Doe*,
    No. C 11-3311, 2011 U.S. Dist. LEXIS 94356 (N.D. Cal. Aug. 23, 2011)............................ 8

*Osband v. Woodford*,
    290 F.3d 1036 (9th Cir. 2002)............................................................................................. 6

*Papadopoulos v. Modesto Police Dep't*,
    No. CV F 96-5889, 1998 U.S. Dist. LEXIS 21606 (E.D. Cal. July 9, 1998) ......................... 6

*Riel v. Ayers*,
    No. S-01-0507, 2010 U.S. Dist. LEXIS 104438 (E.D. Cal. Sept. 30, 2010) ......................... 6

*Talley v. California*,
    362 U.S. 60 (1960)............................................................................................................. 12

*Wilkins v. County of Alameda*,
    No. C 10-3090, 2011 U.S. Dist. LEXIS 24642 (N.D. Cal. Feb. 25, 2011).............................. 9

iii

**STATUTES AND RULES**

28 U.S.C. § 636 ........................................................................................................ 6

47 U.S.C. § 551 ...................................................................................................... 12

Fed. R. Civ. P. 4 ............................................................................... 5, 7, 11, 12, 13

Fed. R. Civ. P. 11 ............................................................................................. 8, 10

Fed. R. Civ. P. 27 ........................................................................................... passim

Local Rule 303 ..................................................................................................... 1, 5

iv

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that respondents Cox Communications, Road Runner Holdco LLC, SBC Internet Services, Inc. d/b/a AT&T Internet Services, and Verizon Online LLC respectfully request reconsideration pursuant to Local Rule 303 of the discovery order entered by the Magistrate Judge on November 14, 2011 (Dkt. 8, the "Order"), which authorizes Petitioner Ingenuity13, LLC to serve subpoenas pursuant to Federal Rule of Civil Procedure 27(a) upon the Internet Service Providers.  Pursuant to Local Rule 303(e), this motion may be scheduled for hearing on a date and time as may be set by the Court, in the courtroom of the Honorable John A. Mendez, located at 501 I Street, Sacramento, California.

The grounds for this motion include that the Order is clearly erroneous and contrary to law in that it ignores mandatory requirements of Rule 27(a), as well as a long line of cases holding that Rule 27 is not a proper vehicle for seeking pre-suit discovery for the purpose of naming defendants in a potential future lawsuit, which Petitioner Ingenuity seeks to do here.  In addition, the Order was entered without a noticed hearing and without the benefit of briefing from the Internet Service Providers or the expected adverse parties in Ingenuity's contemplated lawsuit, and the Petitioner failed to present on-point authority to the Court.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings and records on file in this action, and upon any additional evidence and argument that may be presented before or at the hearing of this motion.

Dated:  November 28, 2011                    MORRISON & FOERSTER LLP

By:    /s/ Benjamin J. Fox
        Benjamin J. Fox

Attorneys for Respondents
VERIZON ONLINE LLC,
COX COMMUNICATIONS and
ROAD RUNNER HOLDCO LLC

1

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.      INTRODUCTION**

3         The Respondent Internet Service Providers (ISPs) respectfully seek reconsideration of the

4    Court's discovery order dated November 14, 2011, which approved on an ex parte basis — i.e.,

5    without a noticed hearing and based solely on an erroneous statement of the law provided by the

6    Petitioner — a proposed order granting leave for Petitioner Ingenuity13 LLC to serve subpoenas

7    on the ISPs pursuant to Federal Rule of Civil Procedure 27(a), without filing a lawsuit.

8         Ingenuity's Petition reflects a new tactic being used by owners of sexually explicit digital

9    content to obtain information in bulk about Internet subscribers.  Ingenuity, the owner of a

10   sexually explicit film, seeks to use Rule 27(a) to obtain from the ISPs the personal-identifying

11   information for 38 Internet users — ostensibly because the information is needed to pursue

12   potential copyright claims against them.  If successful, Ingenuity would be free to use the

13   account-holders' information for any purpose (so long as Ingenuity is "protecting its rights"),

14   including to demand pre-suit payments that rely upon the threat of public identification of the

15   account-holders as unauthorized users of pornographic material.  The Petition appears crafted to

16   avoid important protections for defendants and third-parties guaranteed by the federal rules,

17   including in "Doe defendant" practice (discussed herein), and it seeks to misuse Rule 27.

18        The Order granting Ingenuity's Petition is contrary to law and should be reconsidered for

19   several reasons.  <u>First</u>, Ingenuity's Petition does not satisfy the stringent requirements of

20   Rule 27(a).  Ingenuity failed to show, as it must under the statute, that it "cannot presently bring

21   an action" against individual account-holders using proper Doe defendant procedures.  Fed. R.

22   Civ. P. 27(a)(1)(A).  <u>Second</u>, overwhelming authority from courts across the country holds that

23   Rule 27 is not a vehicle to be used for identifying potential defendants.  It is to be used only in

24   extraordinary circumstances to perpetuate (i.e., preserve) testimony *already known* to the

25   petitioner, not as "a substitute for discovery."  *Nevada v. O'Leary*, 63 F.3d 932, 936 (9th Cir.

26   1995) (quoting *Ash v. Cort*, 512 F.2d 909 (3d Cir. 1975)).  Petitioner's failure to cite this line of

27   on-point authority to the Court warrants reconsideration.

28

1    <u>Third</u>, Ingenuity has failed to comply with Rule 27's requirements that the petitioner serve

2    its petition upon "each expected adverse party" (here, the account-holders), and give notice of the

3    hearing to each such expected adverse party.  Fed. R. Civ. P. 27(a)(2).  The rule's requirements

4    for service upon the account-holders — coupled with authorization for the Court "to order service

5    by publication," and its directive that "if service on an expected adverse party cannot be made . . .

6    the court *must* appoint an attorney to represent persons not served" at a hearing on the Petition —

7    underscores that Ingenuity is seeking to misuse the rule.  *Id*. (emphasis added).  Absent

8    compliance with Rule 27's mandatory procedures for notice and service, a hearing, and the

9    appointment of counsel for the account-holders, the Order cannot stand.

10   <u>Fourth</u>, the use of Rule 27 to compel ISPs to disclose the identities of their account-

11   holders without a hearing or court-appointed counsel, as Rule 27(a)(2) requires, would raise

12   serious First Amendment concerns, as explained herein.

13   Finally, Ingenuity's proposed use of Rule 27 would circumvent important safeguards

14   against vexatious litigants that are built into standard federal civil practice, but are absent in a

15   "miscellaneous" proceeding such as this one that concludes with a final order on the Petition.

16   (*See* Attachment A hereto, comparing standard civil litigation with Ingenuity's proposed

17   procedures.)  Historically, owners of sexually explicit content had filed "John Doe" lawsuits in

18   bulk against Internet users, without requesting that summons be issued or attempting notice by

19   publication.  Applications for discovery of the ISPs then followed.  In the vast majority of those

20   cases, claims against named account-holders were not prosecuted even if Rule 45 subpoenas were

21   issued to the ISPs.  Recent rulings, however, have held that mass actions against dozens of Doe

22   defendants are improper in this context.[1]  These rulings apparently have inspired Petitioner to try

23   to use Rule 27 for substantially the same purpose:  to obtain via a single filing the identities of a

24   large number of account-holders.  Rule 27 does not permit this end-run around the limits of

25

26   [1] *See*, *e.g.*, *Hard Drive Prods. v. Doe*, 2011 U.S. Dist. LEXIS 127428, at *7-8 (N.D. Cal. Nov. 3, 2011) (filed by Ingenuity's current counsel); *McGip, LLC v. Doe*, 2011 U.S. Dist. LEXIS

27   85363, at *7-8 (N.D. Cal. Aug. 3, 2011) (same); *see also Digital Sin, Inc. v. Doe*, 2011 U.S. Dist. LEXIS 128033, at *9 (N.D. Cal. Nov. 4, 2011) (citing other similar cases).

28

1   traditional civil practice — which precludes the joinder of a large number of accused infringers

2   and requires that a lawsuit is being prosecuted at all stages for a legitimate purpose.

3       For the reasons discussed more fully herein, the ISPs respectfully urge reconsideration of

4   the Magistrate Judge's Order.  Given the recent, increasing use of Rule 27 petitions by similar

5   copyright holders, the ISPs further respectfully submit that published authority from this Court

6   addressing the appropriate use of Rule 27 in this context would be warranted.

7   **II.    RELEVANT FACTUAL BACKGROUND**

8       **A.    The Allegations in Ingenuity's Petition and the Relief Sought by Petitioner.**

9       Petitioner Ingenuity alleges that it is the owner of an adult film entitled "Anything for

10  Daddy."  (Pet. Ex. D.)  It contends that "swarms" of Internet users are downloading or otherwise

11  sharing without authorization copyrighted excerpts from Ingenuity's film.  (Pet. ¶¶ 9, 12.)

12  Petitioner's investigation allegedly indicates that the Internet Protocol (IP) addresses associated

13  with 38 account-holders who obtain their Internet access through the Internet Service Providers

14  have infringed Ingenuity's copyrights.  (Pet. ¶¶ 4-5 & Ex. B.)  The Petition seeks leave to serve

15  subpoenas on nine ISPs, including Cox Communications, Road Runner Holdco, SBC Internet

16  Services, and Verizon Online, to obtain the account-holders' information.  (Pet. Ex. A.)

17      Ingenuity states that the 38 account-holders, "whom Petitioner expects to be adverse

18  parties," are all located in California.  (Pet. ¶ 4.)  The Petition does not address why Ingenuity did

19  not seek to use traditional Doe defendant procedures to bring copyright infringement claims

20  against individual account-holders, a method that would permit the Court's ongoing supervision.

21      Ingenuity sought entry of an order:

22  • Granting leave to serve subpoenas upon the non-party ISPs, seeking "the names,
23    addresses, telephone numbers, email addresses, and media access control
      information" for each of the 38 account-holders identified in Exhibit B to
24    Ingenuity's Petition;

25  • Limiting the objections that may asserted in response to the subpoenas, such that
      the "[a]ccount holders only have standing to raise certain objections" to them;
26

27  • Requiring the ISPs to produce all materials sought by Ingenuity within 10 days,
      if a 30-day period afforded the account-holders under the proposed order lapses
28    without the account-holders (who have not been served) filing motions to quash;

4

- Requiring the ISPs to preserve documents and data responsive to the subpoenas, even though they are not parties to litigation or even potential defendants; and

- Requiring the ISPs to "confer with Petitioner before assesing [sic] any charge in advance of providing the information requested in the subpoena."

(Proposed Order ¶¶ 1-6, emphasis added [Dkt. 4]; Order [Dkt. 8].)  The Order includes mandatory injunctive relief requiring the ISPs to take actions beyond those required in response to a traditional Rule 45 subpoena (issued only after a lawsuit is filed).  (*See* Attachment A hereto.)

The order Ingenuity proposed also appears drafted to permit Ingenuity to use the account-holders' information to make settlement demands without ever filing a lawsuit, so long as Ingenuity is acting to "protect[] its rights" to the film Anything for Daddy.  (Order ¶ 7.) "Protecting rights" to Ingenuity's film could also include selling licenses to access Ingenuity's collection or undertaking investigative work of the account-holders without ever filing a lawsuit.

**B.      Service of the Petition and Entry of the Magistrate Judge's Order.**

Ingenuity filed its petition on October 28, 2011, but did not set a hearing date.  (Dkt. 1.) It sent copies of the Petition to at least some of the ISPs but did not file a Proof of Service.  (*Id*.) Ingenuity acknowledges that it did not serve its Petition on the "expected adverse parties" (the 38 account-holders), whose identities currently are unknown to Ingenuity.  (Pet. ¶ 4.)  Nor did Ingenuity seek leave to serve the account-holders by publication or offer to pay for court-appointed counsel for them pursuant to Rule 27(a)(2).[2]

On November 11, 2011, before the ISPs were able to file a response to the Petition, the Court (Hon. Magistrate Judge Drozd) signed Ingenuity's proposed order without alteration. (Dkt. 8.)  The Order was entered on November 14 but not served by the Court clerk on the ISPs.

The ISPs timely sought reconsideration of the Order.  Local Rule 303(b).

---

[2] Rule 27 does not address who should pay for appointed counsel for the account-holders who have not been properly served in compliance with Rule 4.  If counsel were to be appointed (which the Court need not decide if it denies the Petition), common sense and fairness dictate that Ingenuity should bear those costs (subject to its ability to recover its fees if Ingenuity prevails in the copyright actions).  Surely the ISPs, who are not parties and have no interest in the underlying dispute, could not be required to pay for court-appointed counsel.

1    **III.    THE APPLICABLE LEGAL STANDARDS.**

2         **A.    Legal Standards on Motions for Reconsideration.**

3         The Court reviews a Magistrate Judge's ruling in pretrial matters to determine whether it

4    is "clearly erroneous or contrary to law."  28 U.S.C. § 636 (b)(1)(A).  "A decision is 'contrary to

5    law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'"

6    *Lerma v. Arends*, 2011 U.S. Dist. LEXIS 66379, at *8-9 (E.D. Cal. June 22, 2011) (citation

7    omitted).  "The court reviews de novo the question of whether the magistrate's order is contrary

8    to law."  *Riel v. Ayers*, 2010 U.S. Dist. LEXIS 104438, at *3 (E.D. Cal. Sept. 30, 2010) (citing

9    *Osband v. Woodford*, 290 F.3d 1036 (9th Cir. 2002)).

10        Where, as here, the Magistrate Judge ruled without a hearing or briefing from the

11   "expected adverse parties" or the ISPs, reconsideration is particularly appropriate.  *See*, *e.g.*, *Link*

12   *v. Wabash R. Co.*, 370 U.S. 626, 632 (1962) (availability of reconsideration can address errors or

13   unfairness caused by lack of a hearing); *Papadopoulos v. Modesto Police Dep't*, 1998 U.S. Dist.

14   LEXIS 21606, at *2, 15 (E.D. Cal. July 9, 1998) (granting reconsideration where order issued

15   without a hearing or response from the opposing party).

16        **B.    The Statutory Requirements for Perpetuating Testimony Under Rule 27.**

17        Rule 27(a)(1) requires a petitioner seeking "to perpetuate testimony" to show:

18             (A) that the petitioner expects to be a party to an action
19        cognizable in a United States court *but cannot presently bring it or*
          *cause it to be brought*;
20
             (B) the subject matter of the expected action and the petitioner's
21        interest;

22
             (C) the facts that the petitioner wants to establish by the proposed
23        testimony and the reasons to perpetuate it;

24             (D) the names or a description of the persons whom the
25        petitioner expects to be adverse parties and their addresses, so far
          as known; and
26
             (E) the name, address, and expected substance of the testimony
27        of each deponent.

28

1   Fed. R. Civ. P. 27(a)(1) (emphasis added).

2       Rule 27's notice-and-service requirements mandate:

3           At least 21 days before the hearing date, *the petitioner must serve*
            *each expected adverse party* with a copy of the petition *and a*
4           *notice stating the time and place of the hearing* . . . .  If that service
            cannot be made with reasonable diligence on an expected adverse
5           party, the court may order service by publication or otherwise.  *The*
            *court must appoint an attorney to represent persons not served in*
6           *the manner provided in Rule 4* and to cross-examine the deponent if
            an unserved person is not otherwise represented.
7

8
9   Fed. R. Civ. P. 27(a)(2) (emphasis added).

10      The "expected adverse parties" are the alleged infringers of Ingenuity's film.  (Pet. ¶ 4.)

11  The Court may authorize discovery ("orally or by written interrogatories") only if the above

12  requirements are satisfied and the Court further concludes that "perpetuating the testimony may

13  prevent a failure or delay of justice."  Fed. R. Civ. P. 27(a)(3).

14      As the following sections explain, the statutory requirements for permitting the use of

15  Rule 27 have not been satisfied here.

16  **IV.    INGENUITY'S PETITION DOES NOT COMPLY WITH FEDERAL RULE OF**
        **CIVIL PROCEDURE 27 AND SHOULD HAVE BEEN DENIED.**
17
        **A.    Ingenuity Failed to Satisfy Its Burden to Show That It Is Unable to Bring a**
18              **Lawsuit Using Proper Doe Defendant Pleading.**

19      The Petition fails at the threshold.  It does not satisfy — or even address — Rule 27's

20  requirement that Ingenuity must show it "cannot presently bring" a copyright infringement action

21  against the account-holders.  Fed. R. Civ. P. 27(a)(1)(A).  This defect required denial of

22  Ingenuity's Petition.  *See*, *e.g.*, *O'Leary*, 63 F.3d at 936 ("Abuse of the rule by potential plaintiffs,

23  who might try to use it as a means of discovery to enable them to draw a complaint seems to be

24  avoided by the requirement of Rule 27 that the party seeking the deposition be unable to bring the

25  suit or cause it to be brought."); *In re Yamaha Motor Corp.*, 251 F.R.D. 97, 99-100 (N.D.N.Y.

26  2008) (denying Rule 27 petition seeking discovery of third-party witness for use in pre-suit

27  mediation where petitioner failed to show, inter alia, he was "presently unable to bring" the

28

1   anticipated lawsuit); *In re Landry-Bell*, 232 F.R.D. 266, 267 (W.D. La. 2005) (Rule 27 is not

2   intended as a discovery vehicle to permit potential plaintiffs to satisfy Rule 11 obligations);

3   *Briscoe v. Winslow Twp.*, 2010 U.S. Dist. LEXIS 86248, at *15 (D.N.J. Aug. 23, 2010)

4   ("petitioners' contention that they are unable to properly investigate their claim fails . . . If

5   petitioners wish to investigate their claim against Winslow, they may do so in the context of the

6   discovery they take after they file their complaint."); *In re Winning (HK) Shipping Co.*, 2010 U.S.

7   Dist. LEXIS 54290, at *38 (S.D. Fla. Aug. 30, 2010) (denying Rule 27 petition where petitioner

8   was "free to seek discovery once the anticipated action has been filed in a United States court");

9   *In re I-35W Bridge Collapse Site Inspection*, 243 F.R.D. 349, 352 (D. Minn. 2007) (failure to

10  show petitioner "is presently unable to bring" the action requires denial of a Rule 27 petition).

11          That Ingenuity may not know the identities of account-holders is no answer:  that is what

12  the Doe defendant procedures are for.  *See, e.g.*, *Merritt v. Cty. of Los Angeles*, 875 F.2d 765, 768

13  (9th Cir. 1989) (noting with approval the use of Doe defendant pleading).  The account-holders

14  allegedly reside in California and thus are subject to suit here as Doe defendants.  (Pet. ¶ 4.)

15  (Even Petitioner's counsel does not believe that a named defendant is a prerequisite for filing a

16  lawsuit, having filed multiple similar "Doe defendant" suits in the past several months.)[3]

17          Ingenuity's decision not to file a lawsuit using the Doe defendant procedures and then to

18  seek discovery under the district court's ongoing supervision is not merely academic.  As the

19  chart attached to this brief reflects, Ingenuity seeks to shortcut standard procedures in civil

20  litigation, which afford defendants and third-party witnesses significant protections from

21  vexatious plaintiffs.  (Attachment A.)  These protections include joinder limitations, venue and

22  personal jurisdiction requirements, the Court's ability to conduct case management conferences

23

24

---

25          [3] The pretext offered by Ingenuity for filing this Petition — that ISPs delete account-
    holder data — is a red herring.  The information is maintained by all ISPs for a reasonable period
26  and could be sought (if a legitimate claim existed) through Doe defendant practice that adhered to
    proper rules for joinder.  *See, e.g.*, *AF Holdings LLC v. Doe*, 2011 U.S. Dist. LEXIS 114323
27  (N.D. Cal. Oct. 4, 2011) (Doe defendant lawsuit filed by Ingenuity's current counsel); *Openmind
    Solutions, Inc. v. Doe*, 2011 U.S. Dist. LEXIS 94356 (N.D. Cal. Aug. 23, 2011) (same).

28

1   and other supervisory powers to ensure that lawsuits are being prosecuted (not merely used to

2   scare prospective defendants), and ongoing supervision in discovery disputes — all of which are

3   absent in a truncated "miscellaneous" action that concludes with a final ruling on the Rule 27

4   petition. *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 54 (9th Cir. 1961) (a ruling on a Rule 27

5   petition is a final, appealable order).

6          Accordingly, reconsideration is warranted based on Ingenuity's failure to satisfy Rule 27's

7   threshold requirement that the Petitioner establish it is unable to file its anticipated lawsuit.

8          **B.     Rule 27 Is Intended Only to "Perpetuate" *Known* Testimony,**
9          **Not to Discover Information Currently Unknown to Petitioner.**

10         The Petition suffers from another fatal defect:  It seeks to use Rule 27 improperly as a

11  discovery device, rather than simply to "perpetuate" (i.e., preserve) information that already is

12  known to petitioner (but likely to be lost due to the age or infirmity of a witness).

13         "It is well-established in case law that perpetuation means the perpetuation of known

14  testimony.  In other words, Rule 27 may not be used as a vehicle for discovery prior to filing a

15  complaint." *In re Allegretti*, 229 F.R.D. 93, 96 (S.D.N.Y. 2005) (citing five supporting cases);

16  *see also O'Leary*, 63 F.3d at 936 (citing with approval *In re Checkosky*, 142 F.R.D. 4 (C.D. Cal.

17  1992), for the proposition that "the rule requires that the testimony to be perpetuated must be

18  "*known testimony*""); *Wilkins v. County of Alameda*, 2011 U.S. Dist. LEXIS 24642, *2-3 (N.D.

19  Cal. Feb. 25, 2011) (denying petition seeking information to "name proper defendants" because

20  "Rule 27 is inappropriate in this situation where it appears that Plaintiff is seeking discovery of

21  unknown information, in the hopes that it will assist him in obtaining judicial relief in the

22  future"); *In re Ramirez*, 241 F.R.D. 595, 596 (W.D. Tex. 2006) ("It is well-established in case law

23  that perpetuation means the perpetuation of known testimony.  In other words, Rule 27 may not

24  be used as a vehicle for discovery prior to filing a complaint."); *In re Landry-Bell*, 232 F.R.D.

25  266, 267 (W.D. La. 2005) (same); *In re Ford*, 170 F.R.D. 504, 507 (M.D. Ala. 1997) ("Here,

26

27

28

1    Ford seeks to discover or uncover testimony, not to perpetuate it. . . . Ford simply wants to know

2    who shot Roberts and why.  Rule 27 simply does not provide for such discovery.").[4]

3         *In re Landry-Bell* is particularly instructive.  There, petitioner sought to use Rule 27 to

4    identify the names of individuals who posted her photos on an offensive, "adult" website without

5    her authorization.  The court held that, "[d]espite the obvious sympathies that flow" from the

6    petitioner's allegations, she could not use Rule 27 to comply with her Rule 11 obligations, and

7    "[t]he overwhelming weight of authority simply does not authorize the use of Rule 27 to conduct

8    the type of pre-suit discovery Petitioner requests herein."  *In re Landry-Bell*, 232 F.R.D. at 267.

9         Here, as in *Landry-Bell*, the only "testimony" that Ingenuity seeks to obtain or preserve

10   here is identifying information for potential defendants, for the stated purpose of pursuing

11   potential "claims" against them (not necessarily cognizable in federal court):  Ingenuity seeks lists

12   of names, home addresses and telephone numbers, and "Media Control Access numbers."

13   (Pet. ¶ 5.)  Regardless of whether "sympathies flow" for Ingenuity as the purveyor of

14   pornographic material, as they did for the victim of the adult website in *Landry-Bell*, Rule 27

15   does not provide a vehicle for seeking the account-holders' personal identifying information.

16        The two cases cited by Ingenuity and included in its proposed order signed by the

17   Magistrate Judge do not support a conclusion that is contrary to the long line of authority cited

18   above.  First, *GWA*, *LLC v. Cox Communs.*, *Inc.*, 2010 WL 1957864 (D. Conn. May 17, 2010),

19   appears to be a form order issued without any appearance by the respondent ISP; it permitted

20   discovery of a single account-holder's data but did not address the point that Rule 27 applies to

21   "known testimony" only.  The decision therefore is uninstructive.  *Haire v. United States*, 869

22   F.2d 531, 533 (9th Cir. 1989) (cases are not authority for propositions not examined).  Second,

23   *General Board of Global Ministries v. Cablevision Lightpath*, *Inc.*, 2006 WL 3479332 (E.D.N.Y.

24

25        [4] *See also In re Application of Checkosky*, 142 F.R.D. 4, 7 (D.D.C. 1992) ("'perpetuation'
     means the perpetuation of known testimony, and that the rule may not be used as a substitute for
26   discovery to determine whether a cause of action exists."); *Briscoe*, 2010 U.S. Dist. LEXIS
     86248, at *15 (same); *In re Vratoric*, 2009 U.S. Dist. LEXIS 98703 (W.D. Pa. Oct. 23, 2009)
27   (same); *Lucas v. JAG*, 2006 U.S. Dist. LEXIS 90872, *2 (S.D. Cal. Dec. 15, 2006) ("Rule 27
     should not be used as a mechanism to draft a complaint or to conduct a presuit investigation.").

28

1  Nov. 30, 2006), also involved a request to identify a single account-holder, who allegedly had

2  hacked into an office email account and sent unauthorized email. *Global Ministries*, issued by a

3  Magistrate Judge in the Eastern District of New York, does not address Rule 27(a)(2)'s

4  requirement of court-appointed counsel for the adverse party or the long line of authority cited

5  above (most of which post-dates *Global Ministries*), including the Ninth Circuit's decision in

6  *O'Leary*, 63 F.3d at 936. *Global Ministries* therefore is not persuasive.

7          Accordingly, Rule 27's limited intended use for preserving testimony already known to

8  the Petitioner provides a second, independent legal basis for reconsideration.

9      **C.     The Requirements for Service Upon All Expected Adverse Parties or
              Court-Appointed Counsel to Represent Them — Neither of Which**
10             **Happened Here — Render the Petition Fatally Defective.**

11         Ingenuity's failure to address the requirement for service upon "each expected adverse

12  party" (including by publication, if ordered by the Court) and Rule 27's mandate that "[t]he court

13  must appoint an attorney to represent persons not served in the manner provided in Rule 4" at the

14  hearing on the Petition, provided further legal bases for denying this Petition — and now, for

15  reconsideration. Fed. R. Civ. P. 27(a)(2); *see In re Landry*, 232 F.R.D. at 267 (denying petition

16  where two expected adverse parties were not served in compliance with Fed. R. Civ. P. 4).

17         Indeed, Rule 27(a)(2) is clear that notice of a hearing is required to provide all interested

18  parties an opportunity to object, and such a hearing cannot proceed until at least 21 days have

19  passed following service on all expected adverse parties of the notice stating the time and place of

20  the hearing (or, "[i]f that service cannot be made," following the appointment of counsel).

21         The proposed order signed by the Magistrate Judge does not address these mandatory

22  requirements, and Ingenuity's papers did not even mention it. (Dkt. 1, 8.) Ingenuity argued only

23  that those ISPs may be required by the Cable Communications Policy Act to give notice to the

24  account-holders if the Court granted Ingenuity's Petition and the subpoenas were issued to the

25  ISPs. (Ingenuity's Memo. of Law in Support of Pet. at 6.) That some ISPs may be required by

26  the Cable Communications Act to provide notice to the account-holders *after* an order issues

27  requiring the ISP to disclose the account-holders' personal identifying information is no substitute

28

1    for proper service in compliance with Rule 4.  *See* 47 U.S.C. § 551(c)(2)(B) (stating that the ISPs

2    may disclose the account-holders' personal information "pursuant to a court order authorizing

3    such disclosure . . . if the subscriber is notified of such order").[5]  Post hoc notice that an order has

4    issued is not, of course, the same as service of the Petition and its supporting papers — and it

5    should go without saying that ISPs are not in the business of serving process on their customers

6    merely because they happen to know their names and addresses.

7        **D.      Denying the Petition Would Not Result in a "Failure or Delay of Justice."**

8        Finally, denying Ingenuity's Petition would not have resulted in a "failure or delay of

9    justice."  Fed. R. Civ. P. 27(a)(3).  The requirement that the Court satisfy itself that perpetuating

10   the testimony may prevent a failure or delay of justice is an additional element required to grant

11   relief; it does not excuse Ingenuity's failure to satisfy the other prerequisites of Rule 27(a)(1)-(2).

12   *In re I-35W Bridge Collapse Site Inspection*, 243 F.R.D. at 352 ("a Rule 27 petition must meet

13   both the procedural requirements of Rule 27(a)(1) and 'the substantive standard set forth in Rule

14   27(a)(3)'"); *accord O'Leary*, 63 F.3d at 937 ("Section (c) of Rule 27 was not intended to expand

15   the applicability of the other provisions of the Rule.").

16       As explained above, there would be no failure of justice by denying Ingenuity's Petition

17   because Ingenuity can use Doe defendant procedures to bring its copyright claims.  *O'Leary*, 63

18   F.3d at 937; *see also Merritt*, 875 F.2d at 768 (addressing Doe defendant procedures).

19       By contrast, the procedure Ingenuity proposes would risk a failure of justice.  In the

20   absence of a showing that the account-holders are, in fact, infringing, they enjoy a First

21   Amendment right to remain anonymous.  *See, e.g.*, *McIntyre v. Ohio Elections Comm'n*, 514 U.S.

22   334, 342 (1995) (recognizing a speaker's right to anonymity, which "is an aspect of the freedom

23   of speech protected by the First Amendment"); *Talley v. California*, 362 U.S. 60, 64 (1960)

24   (requiring disclosure of identity "would tend to restrict freedom to distribute information and

25   thereby freedom of expression").  These First Amendment and privacy principles should not be

26

27        [5] Not all ISPs are subject to the Cable Act in any event, which applies to providers of
cable service only, not to providers of Internet access through non-cable connections.

28

12

1    disregarded — particularly given the fact that account-holders often share their Internet access

2    with neighbors, friends and family, as well as the prevalence of computer viruses that can

3    distribute files without an account-holder's knowledge.  *See, e.g.*, *Digital Sin*, 2011 U.S. Dist.

4    LEXIS 128033, at *10 ("Here, as has been discussed by other courts in this district, the ISP

5    subscribers may not be the individuals who infringed upon Digital Sin's copyright.").

6          Finally, even if Rule 27(a)(2) did not require the appointment of an attorney to represent

7    all "expected adverse parties" not served in the manner provided by Rule 4, ongoing judicial

8    oversight would be appropriate to protect the privacy and other interests of account-holders at and

9    following the Rule 27 hearing — procedures that necessarily are absent in a "miscellaneous"

10   action of the type filed by Ingenuity here.

11   **V.      CONCLUSION**

12         For the reasons discussed herein, the ISPs respectfully urge reconsideration of the Order.

13   Given the recent filing of copycat Rule 27 petitions in other courts, a published decision

14   addressing the proper scope of Rule 27 petitions in this context may be appropriate.

15

16   Dated:  November 28, 2011                    MORRISON & FOERSTER LLP

17

18                                               By:     /s/ Benjamin J. Fox
                                                         Benjamin J. Fox

19                                               Attorneys for Respondents
                                                 VERIZON ONLINE LLC,
20                                               COX COMMUNICATIONS and
                                                 ROAD RUNNER HOLDCO LLC

21

22   Bart Huffman (CA SBN No. 202205)
     (*Application for admission to E.D. Cal. being submitted*)
23   Cox Smith Matthews Incorporated
     112 E. Pecan Street, Ste. 1800
24   San Antonio, Texas  78205
     Telephone:  (210) 554-5500
25   bhuffman@coxsmith.com

26   Attorneys for Respondent
     SBC INTERNET SERVICES, INC.
27   d/b/a AT&T INTERNET SERVICES

28

                                        13

1           **ATTACHMENT A**

2   **Standard "Doe" Pleading and Civil Practice**       **Ingenuity's Proposed Use of Rule 27**

| Standard "Doe" Pleading and Civil Practice | Ingenuity's Proposed Use of Rule 27 |
|---|---|
| Rule 11 requires a proper pre-filing investigation before filing a complaint. | Ingenuity may never file a lawsuit. |
| Plaintiff must file its lawsuit. | N/A |
| Plaintiff has the burden to show that joinder of multiple alleged infringers in the same lawsuit is proper. *See, e.g.*, *Digital Sin, Inc. v. Does*, 2011 U.S. Dist. LEXIS 128033, at *7-8 (N.D. Cal. Nov. 4, 2011) (addressing similar copyright case against multiple Doe defendants). | Rule 20's rules for joinder apparently do not apply. |
| All known defendants must be served with the summons and complaint, and all other papers. | N/A. (Ingenuity expects the non-party ISPs to give notice to their account-holders *after* subpoenas have issued.) |
| Plaintiff must file a Rule 26 report addressing its proposed discovery and pre-trial plans, etc. | No Rule 26 report is required. |
| The Court will set a scheduling conference at which time it will have an opportunity to inquire about the parties' claims and defenses, service issues, and anticipated discovery issues. | No scheduling conference is held. |
| No discovery is permitted until after the Rule 26 conference, absent ex parte relief which is granted only in extraordinary circumstances. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). | No Rule 26 conference is held. Ingenuity wants to serve its subpoenas immediately. |
| Once discovery commences, the Court retains jurisdiction to supervise it. | An order granting a Rule 27 petition is a final order that concludes the miscellaneous proceeding. *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 54 (9th Cir. 1961). |

| | |
|---|---|
| Interested third-parties may assert any valid objection by moving to quash the subpoena. | The proposed order limits the objections that account-holders or other interested third-parties may assert in a motion to quash. (Ingenuity's Proposed Order ¶ 3.) |
| The Court may enter a protective order limited the use and further dissemination of information produced in discovery. | The miscellaneous action concludes with a ruling on the Rule 27 petition. |
| Non-parties are not required to preserve records for litigation in which they have no interest. | Ingenuity seeks an order requiring the ISPs to preserve records.  (Proposed Order ¶ 4.) |
| Subpoenaed non-parties are permitted to seek reimbursement for costs incurred responding to subpoenas. | Ingenuity seeks to require the ISPs to "confer with Petitioner before assesing [sic] any charge" for costs incurred in responding to the subpoenas.  (Protective Order ¶ 5.) |
| Documents produced in discovery that contain private information (including account-holders' information) typically are to be used only for purposes of the pending litigation, consistent with a standard stipulated protective order. | Ingenuity seeks to use the account-holders' data for any purpose, provide that the information is used to "protect its rights" to the adult film.  (Protective Order ¶ 7.) |
| Plaintiff must seek leave to amend the complaint to identify Doe defendants. | No complaint has been filed. |
| The Court is informed if settlements are reached; dismissal of the lawsuit requires court approval. | Ingenuity would never be required to disclose to the Court any coerced settlements with account-holders. |

1150344

15