Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Petitioner*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter Of a Petition By )<br>)<br>INGENUITY13 LLC )<br>)<br>)<br>)<br>)<br>)<br>)<br>_____ ) | No. 2:11-mc-00084-JAM-DAD<br><br>**PLAINTIFF'S RESPONSE TO MOTION FOR RECONSIDERATION OF ORDER GRANTING INGENUITY13 LLC'S PETITION TO PERPETUATE TESTIMONY** |

**INTRODUCTION**

On November 28, 2011, four nonparty Internet Service Providers[1] (hereinafter "the Nonparties") filed a joint motion seeking reconsideration of this Court's order granting Petitioner's petition to perpetuate testimony. (ECF No. 9.) The Nonparties' motion is a tactical move in the broader discussion between copyright holders and Internet Service Providers ("ISPs") over copyright protection. *See, e.g.*, *Call of the Wild Movie v. Does 1–1,062,* 770 F. Supp. 2d 332 (D.D.C. 2011) (rejecting attempt by Time Warner d/b/a Road Runner to defeat discovery in a BitTorrent-based copyright infringement case). Copyright holders, like Petitioner, seek infringer-identifying information to salvage the value of their copyrights in an age where digital infringement represents an existential threat to creative arts professionals. *See Metro Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 928-29 (2005) (citing the concern that "digital distribution of copyrighted material threatens copyright holders as never before."). The Nonparties, on the other hand, wish to protect their high-speed (and highly-profitable) Internet business.

---

[1] Cox Communications, Road Runner Holdco LLC, SBC Internet Services, Inc. d/b/a AT&T Internet Services, and Verizon Online LLC.

In this action, the Court granted Petitioner's narrowly-tailored request to preserve critical evidence that will, with certainty, be destroyed in the near future. (ECF No. 8.) The Court's order was consistent with Rule 27's sole purpose: preserving such evidence. *In re Application of Checkosky*, 142 F.R.D. 4, 5 (D.D.C. 1992) (stating the purpose of Rule 27 "is simply to preserve evidence that would otherwise would be in danger of being lost."). The Nonparties' objections to Petitioner's Rule 27 petition range from *ad hominem* attacks against Petitioner (ECF No. 9 at 3, 8) (referring to Petitioner as a vexatious litigant, notwithstanding that Petitioner's Rule 27 petition was its first legal filing in its company history) to objections that are transparently inconsistent with voluminous authority to the contrary. (*id.* at 12-13) (arguing that Petitioner's Rule 27 request violates the infringer's First Amendment rights, notwithstanding overwhelming authority to the contrary.) After carefully reviewing the Nonparties' objections and the cases cited in support thereof, Petitioner is confident that the Court will reject the Nonparties' arguments.

## DISCUSSION

The Nonparties make several arguments against Petitioner's Rule 27 petition. Specifically, the Nonparties argue: Petitioner failed to show that it is presently unable to bring a lawsuit against the infringers (ECF No. 9 at 7-9); Petitioner is using its Rule 27 petition to discover information for its lawsuit instead of simply preserving evidence (*id.* at 9-11); Petitioner failed to serve notice of the petition on the expected adverse parties (*id.* at 11-12); the use of the Rule 27 petition would violate the First Amendment rights of the expected adverse parties (*id.* at 12-13); and denying the petition would not result in a failure or delay of justice. (*Id.*)

This section consists of three parts. In part I, Petitioner argues that the Nonparties lack standing to move for reconsideration of this Court's order. In part II, Petitioner argues that the Nonparties have not demonstrated that the Court's order was clearly erroneous. In part III, Petitioner addresses each of the Nonparties' legal arguments.

*///*

*///*

## I. THE NONPARTIES LACK STANDING TO MOVE FOR RECONSIDERATION OF THE COURT'S ORDER

The Nonparties make clear that they "are not parties and have no interest in the underlying dispute…." (ECF No. 9 at 5 n 2.) Because of this, the Nonparties lack standing to invoke the power of the Court to decide on their motion. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (Stating standing is "an essential and unchanging part of the case-or-controversy requirements of Article III."); *see also* U.S. Const. art III. It is the "burden of the party who seeks the exercise of jurisdiction in his favor to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *Spencer v. Kemna*, 523 U.S. 1, 11 (1998) (internal quotation marks omitted). Far from alleging facts demonstrating that they are the proper party to invoke the court's jurisdiction, the Nonparties have affirmatively disclaimed any basis for standing to bring their motion. (ECF No. 9 at 5 n.2.)[2]

The Constitutional requirement of standing is not merely academic. When nonparties bring motions for relief on behalf of others they usurp the prerogatives of actual participants to the action. In this case, the interests of the infringers and those of the Nonparties are in material conflict. Attachment A to the Nonparties' memorandum of points and authorities illustrates this conflict. (*Id.* at 14-15.) Throughout the attachment the Nonparties argue that Rule 27 involves less judicial oversight than a traditional legal action. (*Id.*) What the Nonparties fail to consider is that litigation is a measure of last resort. The Nonparties appear eager to thrust the infringers into litigation and deny them an opportunity traditionally afforded to all potential litigants: the right to negotiate claims prior to litigation. Because they "are not parties and have no interest in the underlying dispute," the Nonparties will not bear the burden of higher litigations costs that the infringers will be certain to experience if named and served with process. And one should not forget that infringers are liable for Plaintiff's attorney's fees and costs if Petitioner prevails against them. 17 U.S.C. § 505.

To be clear, Petitioner is not arguing that the Nonparties lack standing to file any motion in this action. It is clear that the Nonparties would have standing to file a motion to quash Petitioner's

---

[2] Certain of the Nonparties were not even served with subpoenas in this action. These Nonparties have no good faith basis to claim standing to move the Court for reconsideration of its order.

subpoena on the grounds of undue burden, for instance. Fed. R. Civ. P. 45(c)(1). By moving the Court to reconsider its order, however, the Nonparties travel far beyond the arguments that they have standing to make.

## II. THE NONPARTIES HAVE NOT DEMONSTRATED THAT THE COURT'S ORDER WAS CLEARLY ERRONEOUS

The Nonparties brought their motion for reconsideration on the basis that this Court's order was "clearly erroneous or contrary to law." (ECF No. 9 at 6.) This standard requires more than a suggestion that some courts may rule differently, and instead requires proof that the court was clearly mistaken and its decision cannot be legally justified. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth grounds for reconsideration). That is not the case here. Multiple courts have granted Rule 27 petitions in highly similar factual contexts. *See e.g.*, *Gen. Bd. of Global Ministries v. Cablevision Lightpath, Inc.*, No. 06-03669, 2006 WL 2807177 (E.D.N.Y. Nov. 30, 2006); *GWA, LLC v. Cox Commc'ns, Inc.*, No. 10-00741, 2010 WL 1957864 (D. Conn. May, 17 2010). The Nonparties are unable cite to a case—much less controlling authority—for the proposition that Rule 27 may not be used to preserve an anonymous wrongdoer's identity. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2nd Cir. Nov. 15, 1995). Because of this failure, the Nonparties cannot meet the high burden required to succeed on a motion for reconsideration.

## III. THE NONPARTIES IDENTITY NO FATAL FLAWS WITH PETITIONER'S RULE 27 PETITION

This section is organized into two subsections. Subsection A discusses why Petitioner's Rule 27 petition exhaustively satisfies the elements of Rule 27. Subsection B addresses the Nonparties' miscellaneous objections.

///

///

///

4
RESPONSE TO MOTION FOR RECONSIDERATION   Case No. 2:11-00084-JAM-DAD

**A. Petitioner's Rule 27 Petition Exhaustively Satisfies the Elements of Rule 27**

The elements of a valid Rule 27 petition are straightforward. First, a petitioner must show:

(A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

(B) the subject matter of the expected action and the petitioner's interest;

(C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

(E) the names, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1). Next, a court must find that "perpetuating the testimony *may* prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3) (emphasis added).

The Nonparties argue that Petitioner failed to satisfy Fed. R. Civ. P. 27(a)(1)(A) (unable to presently bring an action), (a)(1)(E) (showing the substance of the testimony of each deponent) and Fed. R. Civ. P. 27(a)(3) (preventing a failure or delay of justice). (ECF No. 9 at 2-3.) Petitioner's satisfaction of parts (B) and (C) and (D) of Fed. R. Civ. P. 27(a)(1) were not challenged in the Nonparties' motion and will not be discussed in this response.[3] (*Id.*)

**1. Petitioner Cannot *Presently* Bring an Action Against the Infringers**

Fed. R. Civ. P. 27(a)(1)(A) requires a petitioner to show, *inter alia*, that it cannot *presently* bring or cause an action to be brought. Petitioner readily satisfies this requirement because it does not know the infringers' identities. (ECF No. 1 ¶¶ 2-4.) Only after Petitioner learns the infringers' identities will Petitioner be able to bring an action against them. In other words, Petitioner cannot *presently* bring an action or cause it to be brought against unknown infringers. Fed. R. Civ. P. 27(a)(1)(A).

---

[3] The Nonparties incorrectly state the legal standard for deciding a Rule 27 petition. In particular, the Nonparties attempt to insert the notice and service requirements of Fed. R. Civ. P. 27(a)(2) into the elements of a Rule 27 petition—an attempt for which they provide no authority. Fed. R. Civ. P. 27(a)(2) is a procedural provision and not an element of a Rule 27 petition. *See Tennison v. Henry*, 203 F.R.D. 435 (N.D. Cal. 2001) (explaining that the requirements for a Rule 27 petition are that the petitioner show it: 1) is acting in anticipation of litigation in federal court; 2) adequately explained the substance of the testimony it seeks to obtain; and 3) presents evidence that there is a significant risk that the evidence will be lost if it is not perpetuated.).

The Nonparties argue that Petitioner could utilize "Doe defendant procedures" to preserve the identities of the anonymous infringers. (ECF No. 9 at 8.) Their argument misses the point. Rule 27 does not require Petitioner to show that there are no other available means of preserving the infringers' identities. Fed. R. Civ. P. 27(a)(1)(A). It instead requires, by its very words, Petitioner to show that it cannot *presently bring an action*. *Id.* "[W]here other means of obtaining evidence exist, it has been held that the court need not order the petitioner to exhaust those other means before ordering the taking of depositions under Rule 27." Construction and Application of Fed. R. Civ. P. 27, 37 A.L.R. Fed. 2d 573 at *12 (2009) (*citing Frasier v. Twentieth Century-Fox Film Corp.*, 22 F.R.D. 194 (D. Neb. 1958). The Nonparties do not cite to, nor is Petitioner aware of, any authority that supports the proposition that the availability of "Doe defendant procedures" precludes the use of a Rule 27 petition to preserve the identities of anonymous wrongdoers. (*See generally* ECF No. 9.) To the contrary, multiple courts have granted Rule 27 petitions to preserve the identifying information of ISP subscribers, notwithstanding the availability of "Doe defendant procedures." *See Gen. Bd. of Global Ministries*, No. 06-03669, 2006 WL 2807177; *Cox Commc'ns, Inc.*, No. 10-00741, 2010 WL 1957864.

The Nonparties cite several of cases in support of their "Doe Defendant procedures" argument, but all but one do not even analyze the "presently able to bring a suit" element of Rule 27 and none of them involve doe defendants. (ECF No. 9 at 7-9.) The court in *In re Winning (HK) Shipping Co.*, merely stated, "[t]he litigants spent much time at the hearing arguing about whether [the petitioner] would be able to bring a suit . . . . However, the undersigned need not address that issue as it is manifest that [the petitioner] cannot satisfy any of the other requirements of Rule 27." 2010 U.S. Dist. LEXIS 54290, at *22 n 9 (S.D. Fla. Aug. 30, 2010). Similarly, the court in *Nevada v. O'Leary* stated, "[w]e need not decide in this case whether [the petitioner] can meet the requirements for subsection 1 of Rule 27(a)(1) . . ." 63 F.3d 932, 936 (9th Cir. 1995). The court in *In re Landry-Bell* did not consider the Rule 27(a)(1)(A) element in its decision. 232 F.R.D. 266 (W.D. La. 2005) (denying Rule 27 petition on the grounds that petitioner was seeking pre-suit discovery under Fed. R. Civ. P. 11). While the court in *In re Yamaha Motor Corp.* explained that being able to presently

1    bring a lawsuit will defeat a Rule 27 petition, the court did not analyze the element any further. 251
2    F.R.D. 97, 99-100 (N.D.N.Y. 2008) (denying Rule 27 petition for failure to demonstrate that the
3    testimony would be lost or destroyed and for failure to demonstrate what the testimony would
4    involve). In *Briscoe v. Winslow Twp.*, the basis for the court's denial of the Rule 27 petition was the
5    failure by petitioner to show that security tapes would be destroyed with the passage of time, not the
6    ability of the petitioner to presently bring a suit. 2010 U.S. Dist. LEXIS 862248 (D.N.J. Aug. 23,
7    2010).

8    The Nonparties cite only one case where Fed. R. Civ. P. 27(a)(1)(A) served as a basis—albeit
9    one of many—for the denial of a Rule 27 petition. *In re I-35W Bridge Collapse Site Inspection*, 243
10   F.R.D. 349 (D. Minn. 2007). But *In re I-35W Bridge Collapse Site Inspection* did not involve a
11   factual scenario where Doe Defendant procedures would have had any applicability. *Id.* Instead, the
12   petitioner's request was to examine a bridge collapse site. *Id.* Importantly, the petitioner was unable
13   to provide any explanation for its inability to bring an action. *Id.* In this case, Petitioner has such an
14   explanation: the infringers are anonymous. (ECF No. 1 ¶¶ 2-4.)

**2. Petitioner is Seeking to Preserve Known Testimony**

16   Fed. R. Civ. P. 27(a)(1)(E) requires a petitioner to show the substance of the testimony it
17   seeks to preserve. Petitioner did so. (ECF No. 1 ¶ 3) ("Petitioner seeks the name, address, telephone
18   number, e-mail address and Media Control Access number of each account holder . . .").

19   The Nonparties argue otherwise. (ECF No. at 9-11.) Specifically, the Nonparties argue that
20   Petitioner cannot satisfy Fed. R. Civ. P. 27(a)(1)(E)'s requirement of showing the substance of
21   testimony when Petitioner does not presently know the account holder's identifying information.
22   (*Id.*) In essence, the Nonparties argue that Rule 27 can only be used when a petitioner knows the
23   answers to the questions it would ask. The U.S. Court of Appeals for the Ninth Circuit disagrees.

24   In *Martin v. Reynolds Metal Corp.*, Reynolds filed a Rule 27 petition to, *inter alia*, sample
25   the "fluorine content of samples of forage, feed, air, water, soil, vegetation and mineral supplements
26   taken periodically from areas where livestock are being pastured." 297 F.2d 49, 52 (9th Cir. 1961).
27   The Ninth Circuit affirmed the district court's grant of the petitioner's Rule 27 petition, reasoning,

28

"The inquiry here proposed is narrowly limited, its purpose being to enable Reynolds to discover when relevant physical evidence is likely to be disposed of and lost, and the location of other physical evidence that has been transferred away from appellees' property and thus made less readily available." *Id.* at 55. Reynolds did not "know", *a priori*, the fluorine content of the various items it sought to sample. *Id.* Nor did the Ninth Circuit believe this was relevant. *Id.* Instead, the Ninth Circuit focused its decision on the narrow scope of Reynolds' inquiry and the relevance of the physical evidence that Reynolds was seeking to preserve. *Id.* This interpretation of Fed. R. Civ. P. Rule 27(a)(1)(E) meshes seamlessly with the broader purpose of Rule 27, which "is simply to preserve evidence that would otherwise would be in danger of being lost." *In re Application of Checkosky*, 142 F.R.D. 4, 5 (D.D.C. 1992).

The Ninth Circuit discussed *Martin* in its decision in *O'Leary*. *Nevada v. O'Leary* 63 F.3d at 936 (9th Cir. 1995). In *O'Leary*, the State of Nevada sought to depose over two dozen scientists to learn their thoughts and opinions about certain technical reports on the federal government's proposed Yucca Mountain project. *Id.* at 933. In its opinion affirming the district court's denial of Nevada's petition, the Ninth Circuit reasoned that Nevada, by virtue of its expansive request, was "seeking to undertake an inquiry similar to that authorized as discovery under Rule 26." *Id.* at 936. The Ninth Circuit did not rule—as the Nonparties suggest—that "knowledge" of the answers to the questions it would ask was required. *Id.* Instead, the Ninth Circuit used the word "unknown" to mean that Nevada was required to "know", *a priori*, enough about the testimony to show that the scientists' depositions would yield testimony that was material and competent. *Id.* According to *O'Leary*, Rule 27 cannot be used when a Petitioner does not know whether material and competent evidence exists or as a device to determine whether such evidence exists. *See Id.* Of course, requiring both a narrowly-tailored preservation request and a showing of materiality safeguards against the misuse of Rule 27 as a pre-suit discovery device. *Martin*, 297 F.2d at 55.

In this action, there can be no serious question over whether the account holder identities' are material and competent evidence. This evidence is vital to Petitioner's ability to seek redress for its copyright infringement claims. When it is destroyed, Petitioner's ability to prosecute its claim will

8
RESPONSE TO MOTION FOR RECONSIDERATION   Case No. 2:11-00084-JAM-DAD

likewise be destroyed. Moreover, the scope of Petitioner's request is narrow—even narrower than Reynolds' request for fluorine sampling in *Martin*, 297 F.2d 49.

The Nonparties claim that "overwhelming authority from courts across the country holds that Rule 27 is not a vehicle to be used for identifying potential defendants." (ECF No. 9 at 2.) But they fail to cite to any such authority. (*See generally* ECF No. 9.) Instead, they just cite to cases that stand for the proposition that Rule 27 cannot be used to investigate claims or for broad Rule 26-style discovery requests. (*Id.* at 9-10.)

In *In re Checkosky*—miscited by Nonparties as a C.D. Cal. case—petitioners submitted a broad Rule 27 request to preserve documentary evidence in an ongoing Securities and Exchange Commission dispute. 142 F.R.D. 4 (D.D.C. 1992). Far from demonstrating that Petitioner's use of Rule 27 is improper, *In re Checkosky* actually supports Petitioner's request. While the *In re Checkosky* Court found that the petitioner's "broad request for relief f[ell] short of the Rule-27 requirement that a petitioner must make a narrowly-tailored showing of 'the substance of the testimony which the petitioner expects to elicit from' each person deposed," it left the door open to very narrowly-tailored requests such as Petitioner's. *Id.* at 8.

The case of *Wilkins v. County of Alameda* also has little relevance to Petitioner's request. 2011 U.S. Dist. LEXIS 24642 (N.D. Cal. Feb. 25, 2011). In response to a lengthy handwritten request by a prisoner moving, *pro se*, for a variety of forms of relief (including a request for relief under Rule 27) the district court ruled that Wilkins could not use Rule 27 to seek unknown evidence—just as the Ninth Circuit did in *O'Leary*. *Id.* at 2. In *In re Ramirez*, the court noted that petitioner's deposition request failed to "delineate any limits" to its scope. 241 F.R.D. 595, 596 (W.D. Tex. 2006). Citing *O'Leary*, the court ruled that requests to perpetuate testimony must be "narrowly tailored" and held that petitioner's petition involved a "broad Rule-26 request[]." *Id.* at 597.

The sole holding of *In re Ford* was that Rule 27 did not extend to allow pre-complaint discovery under Rule 11. 170 F.R.D. 504, 508 (M.D. Ala. 1997). In the present action, Petitioner

9
RESPONSE TO MOTION FOR RECONSIDERATION   Case No. 2:11-00084-JAM-DAD

petitions the Court to preserve crucial evidence, not allow pre-complaint discovery under Rule 11. (ECF No. 1 ¶ 3.)

In *In re Allegretti*, the petitioners filed a Rule 27 petition to depose an individual about the "facts of the expected litigation and other facts surrounding Petitioners' claims" and obtain production of documents including "all correspondence between Vincenzo and Di Costanzo at any time since the incorporation of AGI." 229 F.R.D. 93, 97-98 (S.D.N.Y. 2005). In its denial of the petitioner's request, the court focused specifically on the impermissibly broad nature of the petitioner's request and cited *O'Leary* in holding that proposed testimony must be set forth with sufficient specificity. Id. at 96-98.

The Nonparties describe *In re Landry-Bell* as "particularly instructive." (ECF No. 9 at 10.) Although it may be instructive, the lessons taught in *In re Landry-Bell* do not support the Nonparties' arguments. There, the petitioner sought "leave under Fed. R. Civ. P. 27 to conduct pre-lawsuit discovery in order to complete a proper Rule 11 investigation." 232 F.R.D. 266 (W.D. La. 2005). Specifically, the petitioner sought to obtain information from an adult website about how her photograph and name appeared on the website. *Id.* Further, the petitioner sought to obtain discovery from Zack Wilhelm, whom the petitioner believed posted her information to the website. *Id.* The purpose of the discovery was to ascertain whether petitioner had a claim against the website or Wilhelm. *Id.* at 267. Far from instructing that a Rule 27 petition cannot be used to preserve account holder identifying information under the circumstances of the present action, *In re Landry-Bell* merely teaches the non-controversial point that Rule 27 does not extend to allow pre-complaint discovery under Rule 11—a lesson also taught in *In re Ford*.

In this case, Petitioner is not seeking discovery to allow it to "draft a complaint," "determine whether a cause of action exists," or determine how its infringing content ended up in a BitTorrent swarm. It is simply seeking to preserve critical, known testimony before it is permanently destroyed. The Nonparties understandably wish to undermine *Gen. Bd. of Global Ministries*, No. 06-03669, 2006 WL 2807177 and *Cox Commc'ns, Inc.*, No. 10-00741, 2010 WL 1957864—the only decisions that have been made in factually comparable scenarios—given that those decisions greatly

undermine their arguments. But they fail to cite a single superseding case or offer a single supportable reason for why the courts in those decisions erred.

### 3. Denying the Petition May Result in a Failure or Delay of Justice

The final element of a Rule 27 petition is a finding that "perpetuating the testimony *may* prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3) (emphasis added). The Nonparties argue that a denial of Petitioner's Rule 27 petition will not result in a "failure or delay of justice" under Fed. R. Civ. P. 27(a)(3). (ECF No. 9 at 12-13.)

The Nonparties' core argument is that the availability of "Doe Defendant procedures" will prevent any failure or delay of justice. (ECF No. 9 at 8.) As before, the Nonparties fail to cite to a *single* case that says the availability of "Doe Defendant procedures" has any relevance to determining whether a failure to preserve the account holder information will prevent a failure or delay of justice. (*See generally* ECF No. 9.) To the contrary, multiple courts have granted Rule 27 petitions to preserve account holder information notwithstanding the availability of "Doe Defendant procedures." *See General Board of Global Ministries*, No. 06-03669, 2006 WL 2807177; *Cox Commc'ns, Inc.*, No. 10-00741, 2010 WL 1957864. And these courts have been correct in doing so because once account holder information is destroyed there is no way to prosecute anonymous wrongdoers for their misdeeds.

Further, even if the availability of "Doe Defendant procedures" was relevant to the "failure or delay of justice" element of Rule 27, it is clear that "Doe Defendant procedures" are an enormously deficient mechanism when the law surrounding these procedures is so unsettled. By way of example, Plaintiff's counsel filed three lawsuits in the Northern District of California on behalf of a client, AF Holdings LLC: *AF Holdings LLC v. Does 1-135*, No. 11-03336 (N.D. Cal. 2011), *AF Holdings LLC v. Does 1-97*, No. 03067 (N.D. Cal. 2011), and *AF Holdings LLC v. Does 1-96*, No. 11-03335 (N.D. Cal. 2011). Each of these lawsuits involved the same underlying copyrighted work, identical pleadings and identical discovery papers.

However, the results of the suits could not have been more diverse. In the first case, the district court granted Plaintiff's request to take expedited discovery and Plaintiff was successful in

11
RESPONSE TO MOTION FOR RECONSIDERATION    Case No. 2:11-00084-JAM-DAD

preserving the account holders' identities. *AF Holdings LLC v. Does 1-135*, No. 11-03336. In the second case, the district court denied Plaintiff's request to take expedited discovery of the account holders' identities and the account holder information was destroyed. *AF Holdings LLC v. Does 1-97*, No. 03067. In the third case, the district court ultimately granted Plaintiff's request, but the length of time it took for the favorable decision to be reached was such that the account holder information was destroyed. *AF Holdings LLC v. Does 1-96*, No. 11-03335.

The wide variability in these results reflects the unsettled nature of the law regarding "Doe Defendant procedures" in BitTorrent-based copyright infringement cases. Plaintiff's counsel expects these issues to be brought before the Ninth Circuit in the near future and once the Ninth Circuit resolves the split at the district court level it may be the case that Rule 27 petitions will not be necessary with respect to these actions. Until that time, though, it is axiomatic that "perpetuating the [account holder information] *may* prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3) (emphasis added).

### A. The Nonparties' Miscellaneous Objections are Unpersuasive

The Nonparties make two miscellaneous objections against Petitioner's Rule 27 petition. First, the Nonparties argue that Petitioner's failure to formally serve the expected adverse parties should defeat the petition. (ECF No. 9 at 11-12). Second, the Nonparties argue that preserving the account holders' identities will violate the account holder's First Amendment privacy rights. (*Id.* at 12-13.) Neither of these arguments is persuasive.

#### 1. The Expected Adverse Parties Will Have an Opportunity to Contest the Petition

The Nonparties take issue with the fact that Petitioner was unable to formally serve the expected adverse parties (i.e. the infringers) with a copy of the petition and a notice as required under Fed. R. Civ. P. 27(a)(2). (ECF No. 9 at 11-12.) Section (a)(2) of Rule 27 is a procedural safeguard and is not an element necessary for the granting of the petition. *Tennison v. Henry*, 203 F.R.D. 435 (N.D. Cal. 2001) (explaining that the requirements for a Rule 27 petition are that the petitioner show it: 1) is acting in anticipation of litigation in federal court; 2) adequately explained the substance of the testimony it seeks to obtain; and 3) presents evidence that there is a significant

risk that the evidence will be lost if it is not perpetuated.). *See also In the Matter of Petition of Allegretti*, 229 F.R.D. 93 (S.D.N.Y. 2005). Petitioner has exhaustively satisfied these elements. (ECF No. 1 ¶¶ 2-3.)

The notice requirement will only defeat an otherwise valid Rule 27 petition if it results in prejudice to the expected adverse party. *Application of Deiulemar Di Navigazione SpA*, 153 F.R.D. 592 (E.D. La. 1994) (holding that failure to give the expected adverse party notice under Fed. R. Civ. P. 27(a)(2) did not warrant denying the motion to perpetuate testimony absent a showing of prejudice.) The expected adverse parties in this case will not be prejudiced by the petition. Petitioner proposed, and the Court ordered, that since the ISPs were the only entities aware of the identities of the account holders in the action, they would provide the necessary notice. (*See* ECF No. 8 ¶ 2) ("Each ISP will have thirty (30) days from the date a copy of this Order and a copy of the subpoena are served to respond, so that it may have sufficient time *to provide notice to the subscribers* whose information Petitioner seeks to obtain.") (emphasis added). The Court's order further explained that the account holders had the ability to raise objections to Petitioner's subpoena. (*Id.* ¶ 3.) The expected adverse parties are made aware of the petition and are given an opportunity to raise their concerns with this Court in accordance with the spirit of this rule.

Courts have found this method of providing notice to the account holders sufficient for the requirements of a Rule 27 petition. *Global Ministries*, 2006 WL 2807177, ECF No. 26 at *7 (finding that even though the petitioner was unable to ascertain the names of, and provide service to, the potential adverse parties, the "petition may be granted in the absence of such information."). Petitioner has taken the steps necessary to ensure that these parties are not prejudiced by the petition.

The Nonparties also take issue with the fact that Petitioner did not offer to pay for court-appointed counsel for the account holders pursuant to Rule 27(a)(2). (ECF No. 9 at 5.) Nowhere in Rule 27, however, is it required that Petitioner offer to pay for court-appointed counsel. *See generally* Fed. R. Civ. P. 27. The decision to appoint counsel is something for the Court to decide. Further, court-appointed counsel is necessary only when the potential adverse parties are not given any notice of the petition. As explained above, that is not the case here. The account holders are

13
RESPONSE TO MOTION FOR RECONSIDERATION    Case No. 2:11-00084-JAM-DAD

given notice so long as the ISPs obey the Court's November 14 order. (ECF No. 8.) And presumably even the Nonparties would agree that it is preferable to allow an expected adverse party to choose his own attorney rather than have one appointed for him by the Court.

### 2. The First Amendment is not a License for Copyright Infringement

The Nonparties argue that the account holders have a First Amendment right to remain anonymous. (ECF No. 9 at 12.) However, federal courts across the nation have repeatedly held that individuals who use the Internet to download or distribute copyrighted works without permission are not entitled to protection of their identities under the First Amendment. *See, e.g.*, *UMG Recordings, Inc. v. Does 1–4*, No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006) (finding that Doe Defendants who "open[ed] their computers to others through peer-to-peer sharing had little expectation of privacy."); *Sony Music Entm't v. Does 1–40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity); *Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights.").

The infringers cannot cloak their identities in the First Amendment when their infringing activities are not private. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) ("[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so."); *see also Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (finding movants' rights to anonymity to be minimal); *In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003) ("[I]f an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially

opening the computer to the world."), *rev'd on other grounds sub nom, Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003).

The cases cited by the Nonparties in support of their First Amendment argument involve a different form of speech than the speech at issue in this action. In *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334 (1995), for example, the protected speech involved the distribution of pamphlets regarding an upcoming election. In *Talley v. California*, 362 U.S. 60 (1960) the protected speech was similarly the distribution of handbills urging a boycott. These cases have little relevance to the "speech" at issue in the instant case and provide the Court with no guidance on Internet-based copyright infringement. In contrast, the cases cited by Petitioner directly address the protections afforded to "speech" by anonymous individuals committing copyright infringement over the Internet. According to these cases, the account holders' privacy rights are extremely limited and do not outweigh Plaintiff's interest in preserving the infringer's identities.

**IV.    CONCLUSION**

The Court should deny the Nonparties' motion for reconsideration. First, the Nonparties lack standing to move for reconsideration. Second, the Nonparties' have failed to cite a *single* case that would suggest that the Court's prior order granting Petitioner's Rule 27 petition was flawed. Finally, none of the Nonparties' substantive or miscellaneous objections carry any weight.

Petitioner, by way of its Rule 27 petition is simply attempting to preserve a very narrow slice of vital information that is under threat of imminent destruction. Indeed, according the publicly available data retention policies of the Nonparties, a significant portion of the data will begin to be destroyed starting January 2012. Petitioner's request was properly granted by the Court because it was consistent with the spirit and letter of Rule 27.

*///*
*///*
*///*
*///*
*///*

                                                            Respectfully Submitted,

                                                            INGENUITY13 LLC

**DATED: December 22, 2011**

                                By:     /s/ Brett Gibbs
                                                Brett L. Gibbs, Esq. (SBN 251000)
                                                Prenda Law Inc.
                                                38 Miller Avenue, #263
                                                Mill Valley, CA 94941
                                                415-325-5900
                                                blgibbs@wefightpiracy.com
                                                *Attorney for Petitioner*