DEANNE E. MAYNARD (Pro Hac Vice To Be Submitted)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Washington, D.C. 20006-1888
Telephone: (202) 887-1500
DMaynard@mofo.com

BENJAMIN J. FOX (CA SBN 193374)
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, California 90013-1024
Telephone: (213) 892-5200
BFox@mofo.com

Attorneys for Respondents Cox Communications, Road Runner Holdco LLC, and Verizon Online LLC

(Counsel for Respondent SBC Internet Services, Inc. d/b/a AT&T Internet Services Listed at Conclusion of Brief)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter Of a Petition By<br><br>INGENUITY13, LLC,<br><br>Petitioner. | No. 2:11-mc-00084-JAM-DAD<br><br>**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER GRANTING INGENUITY13 LLC'S PETITION TO PERPETUATE TESTIMONY**<br><br>[Fed. R. Civ. P. 27(a) Proceeding]<br><br>[Reconsideration Respectfully Requested Pursuant to Local Rule 303] |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 1

II. THE INTERNET SERVICE PROVIDERS HAVE STANDING TO SEEK RECONSIDERATION OF AN ORDER THAT WOULD IMPOSE AFFIRMATIVE OBLIGATIONS UPON THEM AND GRANT INGENUITY LEAVE TO TAKE DISCOVERY OF THE ISPs—WITHOUT FILING A LAWSUIT OR COMPLYING WITH STANDARD "DOE" PROCEDURES ........ 2

III. INGENUITY'S PETITION DOES NOT COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 27 AND SHOULD HAVE BEEN DENIED ........ 3

A. Ingenuity Has Not Satisfied Its Burden to Show That It Is Unable to Bring a Lawsuit Using Proper Doe Defendant Pleading ........ 3

B. Ingenuity Has No Real Response to the Authority Holding That Rule 27 Is Intended Only to "Perpetuate" *Known* Testimony, Not to Discover Information Currently Unknown to Petitioner ........ 5

C. The Requirements for Proper Service Upon All Expected Adverse Parties—or Court-Appointed Counsel to Represent Them—Are Mandatory and Render Ingenuity's Petition Fatally Defective ........ 6

D. Ingenuity Also Has Not Satisfied the Final Required Element: Showing That Denial of the Petition May Cause a "Failure or Delay of Justice." ........ 7

IV. CONCLUSION ........ 8

ATTACHMENT A ........ 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ash v. Cort*, 512 F.2d 909 (3d Cir. 1975) .......... 4

*Briscoe v. Winslow Twp.*, No. 10-2824, 2010 U.S. Dist. LEXIS 86248 (D.N.J. Aug. 23, 2010) .......... 5

*Brown v. Bd. of Bar Examiners*, 623 F.2d 605 (9th Cir. 1980) .......... 2

*Cole v. Bank of Am., LLC*, No. MC 11-348-UA, 2011 U.S. Dist. LEXIS 100921 (C.D. Cal. Sept. 7, 2011) .......... 7

*Digital Sin, Inc. v. Does 1-5698*, No. 11-04397, 2011 U.S. Dist. LEXIS 128033 (N.D. Cal. Nov. 4, 2011) .......... 8

*General Bd. of Global Ministries v. Cablevision Lightpath, Inc.*, No. 06-3669, 2006 WL 3479332 (E.D.N.Y. Nov. 30, 2006) .......... 4, 5

*Gilchrist v. GE Capital Corp.*, 262 F.3d 295 (4th Cir. 2001) .......... 2

*GWA, LLC v. Cox Communs., Inc.*, No. 10-cv-741, 2010 WL 1957864 (D. Conn. May 17, 2010) .......... 4

*Haire v. United States*, 869 F.2d 531 (9th Cir. 1989) .......... 4

*Hard Drive Prods. v. Does 1-130*, No. 11-3826 DMR, 2011 U.S. Dist. LEXIS 132449 (N.D. Cal. Nov. 16, 2011) .......... 3, 8

*Hard Drive Prods. v. Does 1-84*, No. 11-03648 HRL, 2011 U.S. Dist. LEXIS 135565 (N.D. Cal. Nov. 23, 2011) .......... 3

*Hewitt v. Helms*, 459 U.S. 460 (1983) .......... 6

*In re I-35W Bridge Collapse Site Inspection*, 243 F.R.D. 349 (D. Minn. 2007) .......... 2, 6, 7

*In re Application of Checkosky*, 142 F.R.D. 4 (D.D.C. 1992) .......... 2

*In re Ford*, 170 F.R.D. 504 (M.D. Ala. 1997) .......... 4, 5

**TABLE OF AUTHORITIES**
**continued**

Page(s)

CASES (CONT'D)

*In re Landry-Bell*,
232 F.R.D. 266 (W.D. La. 2005)....................4, 5, 6

*In re Petition of Jacobs*,
110 F.R.D. 422 (N.D. Ind. 1986)....................6

*In re Ramirez*,
241 F.R.D. 595 (W.D. Tex. 2006)....................4

*In re Vioxx Prods. Liab. Litig.*,
MDL No. 1657, 2008 U.S. Dist. LEXIS 36744 (E.D. La. May 6, 2008)....................4, 5

*In re Vratoric*,
No. 2:09-mc-284, 2009 U.S. Dist. LEXIS 98703 (W.D. Pa. Oct. 23, 2009)....................5

*In re Yamaha Motor Corp.*,
251 F.R.D. 97 (N.D.N.Y. 2008)....................5

*London-Sire Records, Inc. v. Doe 1*,
542 F. Supp. 2d 153 (D. Mass. 2008)....................8

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)....................2

*Martin v. Reynolds Metals Corp.*,
297 F.2d 49 (9th Cir. 1961)....................5, 6

*Merritt v. Cty. of Los Angeles*,
875 F.2d 765 (9th Cir. 1989)....................3

*Nevada v. O'Leary*,
63 F.3d 932 (9th Cir. 1995)....................2, 4, 5

*On the Cheap, LLC v. Does 1-5011*,
No. C 10-4472, 2011 U.S. Dist. LEXIS 99831 (N.D. Cal. Sept. 6, 2011)....................3

*SEC v. Lincoln Thrift Assn.*,
577 F.2d 600 (9th Cir. 1978)....................2

*Spencer v. Kemna*,
523 U.S. 1 (1998)....................2

*Wilkins v. County of Alameda*,
No. C 10-3090, 2011 U.S. Dist. LEXIS 24642 (N.D. Cal. Feb. 25, 2011)....................4, 5

**TABLE OF AUTHORITIES**
**continued**

**Page(s)**

STATUTES

Fed. R. Civ. P. 4 .......... 1, 6, 7

Fed. R. Civ. P. 27 .......... passim

**I. INTRODUCTION**

The Internet Service Providers' opening brief explained that Ingenuity's Petition suffers from multiple fatal defects, including disregard for (1) Rule 27(a)(1)'s requirement that Ingenuity must show that it "cannot presently bring" a copyright infringement action; (2) a long line of decisions explaining that Rule 27 is intended only to "perpetuate" —i.e., to preserve, not discover—information *already known to Petitioner*; and (3) Rule 27(a)(2)'s mandatory requirements for service on the Internet subscribers, a hearing, and court-appointed counsel for all subscribers not served "in the manner provided in Rule 4."

Ingenuity's opposition has no real answer to Rule 27's plain language or the cited case law. It argues that the Doe defendant procedures and safeguards built into standard civil litigation should simply be disregarded in the analysis of whether Ingenuity has established it "cannot presently bring" a lawsuit—apparently because several district courts in California now recognize that standard civil actions seeking to obtain Internet subscribers' information en masse are fraught with potentials for abuse and do not comply with the Federal Rules.

The opposition attempts to downplay rulings by an overwhelming majority of courts that have explained persuasively that Rule 27(a) is to be used only where the petitioner already knows the substance of the testimony to be perpetuated—and not as a device to identify potential defendants. In their place, Ingenuity urges the Court to rely on two unpublished decisions (also cited in the proposed order), which the ISPs' opening brief explained are unpersuasive.

Additional reasons exist for denying the Petition—including Rule 27(a)(2)'s unambiguous requirements that Ingenuity "must" serve all expected adverse parties before a hearing on the Petition, and that court-appointed counsel "must" be provided for any subscribers who are not served with the Petition in the manner provided in Rule 4.

At bottom, Ingenuity's Petition seeks to make an end-run around important protections for ISPs and their subscribers by doing through a "miscellaneous" action what the Federal Rules do not permit in standard civil cases. For all the reasons stated in the ISPs' opening brief, and explained further herein, Ingenuity's Petition should be denied.

**II. THE INTERNET SERVICE PROVIDERS HAVE STANDING TO SEEK RECONSIDERATION OF AN ORDER THAT WOULD IMPOSE AFFIRMATIVE OBLIGATIONS UPON THEM AND GRANT INGENUITY LEAVE TO TAKE DISCOVERY OF THE ISPs—WITHOUT FILING A LAWSUIT OR COMPLYING WITH STANDARD "DOE" PROCEDURES.**

Ingenuity's threshold argument that the ISPs lack standing to file their motion should be swiftly rejected. (Opp. at 3-4.) Ingenuity's proposed order seeks to impose affirmative obligations upon the ISPs (including a data-preservation requirement that would constitute preliminary injunctive relief) and its sole objective is to authorize discovery *of the ISPs*. In this context, the ISPs necessarily have standing to object. *See*, *e.g.*, *Brown v. Bd. of Bar Examiners*, 623 F.2d 605, 608 (9th Cir. 1980) (non-parties have standing to appeal injunctions that bind them); *Gilchrist v. GE Capital Corp*., 262 F.3d 295, 300 (4th Cir. 2001) ("nonparties have a right to challenge on appeal an order directed against them in a proceeding to which they were not a party"; citing *SEC v. Lincoln Thrift Assn.*, 577 F.2d 600, 603 (9th Cir. 1978)).

Ingenuity's cited cases address standing principles generally—but have nothing to do with Rule 27 petitions or orders that impose obligations on non-parties. (Opp. at 3 citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) [addressing general standing rules for plaintiffs in declaratory relief actions]; *Spencer v. Kemna*, 523 U.S. 1, 11 (1998) [addressing standing of prisoner-plaintiff who had completed his term of incarceration].) Indeed, abundant authority cited in the ISPs' opening brief confirms that non-parties who are the targets of discovery in a Rule 27 proceeding have standing to oppose the petition. *See*, *e.g.*, *Nevada v. O'Leary*, 63 F.3d 932, 934 (9th Cir. 1995) (government responded to Rule 27 petition on behalf of non-party U.S. Department of Energy employees, whose testimony petitioner State of Nevada sought); *In re I-35w Bridge Collapse Site Inspection*, 243 F.R.D. 349, 350 (D. Minn. 2007) (considering objections to Rule 27 petition by target of discovery and denying petition on grounds that Rule 27 is not a substitute for discovery); *In re Application of Checkosky*, 142 F.R.D. 4, 5 (D.D.C. 1992) (granting motion to dismiss Rule 27 petition by target of discovery—there, the SEC).

## III. INGENUITY'S PETITION DOES NOT COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 27 AND SHOULD HAVE BEEN DENIED.

### A. Ingenuity Has Not Satisfied Its Burden to Show That It Is Unable to Bring a Lawsuit Using Proper Doe Defendant Pleading.

Ingenuity now acknowledges Rule 27's requirement that Petitioner must show it "cannot presently bring [an action] or cause it to be brought." Fed. R. Civ. P. 27(a)(1). Its sole response is that "it does not know the infringers' identities." (Opp. at 5.) That is no answer. As the opening brief explained, that is what standard Doe defendant procedures are for. *E.g.*, *Merritt v. Cty. of Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989) (approving use of single Doe procedures).

The reason Ingenuity does not want to use standard Doe defendant pleading is plain: Courts are increasingly cognizant of this plaintiff's counsel's abuse of Doe complaints, and have required plaintiffs in similar situations to follow proper rules for joinder—and not to seek (as here) discovery of a large number of accused infringers in a single action. (*See* ISPs' Mtn. at 2 & Attachment A.) Recent rulings have addressed the "logistical nightmare" presented by mass copyright actions filed by Ingenuity's current counsel, and explained:

> [T]he court shares the concern that these cases potentially open the door to abusive settlement tactics. . . . Nothing currently prevents Plaintiff from sending a settlement demand to the individual that the ISP identifies as the IP subscriber. That individual—whether guilty of copyright infringement or not—would then have to decide whether to pay money to retain legal assistance to fight the claim that he or she illegally downloaded sexually explicit materials, or pay the money demanded. This creates great potential for a coercive and unjust "settlement."

*Hard Drive Prods. v. Does*, 2011 U.S. Dist. LEXIS 132449, at *9 (N.D. Cal. Nov. 16, 2011) (dismissing Does 2-130 and imposing ongoing obligations upon plaintiff and its counsel to demonstrate that the discovery sought of Doe 1 is used for a proper purpose).[1]

---

[1] *See also* cases cited at footnote 1 of opening brief and *Hard Drive Prods. v. Does 1-84*, 2011 U.S. Dist. LEXIS 135565, at *3 (N.D. Cal. Nov. 23, 2011) (explaining that, after the court "learned of a host of similar lawsuits pending in this district . . . the court now agrees with the view and reasoning of many other courts, including in this district, that plaintiff has not sufficiently established that joinder" of multiple accused copyright infringers is appropriate); *On the Cheap, LLC v. Does 1-5011*, 2011 U.S. Dist. LEXIS 99831, at *16-17 & n. 6 (N.D. Cal. Sept. 6, 2011) (disapproving use of mass actions and noting abusive settlement tactics).

Ingenuity seeks to do here what courts have refused to permit plaintiffs in similar situations to do even after filing a complaint and pursuing discovery under the Court's ongoing supervision: Petitioner wants information en masse about the ISPs' subscribers. (Pet. ¶¶ 3-4.)

Ingenuity attempts to distinguish a subset of the ISPs' cited cases on their facts (Opp. at 6-7), but it does not refute the legal principle: A petitioner must show that it cannot presently bring a lawsuit, and the *inability to identify a defendant by name is no excuse*. *See*, *e.g.*, *Wilkins v. County of Alameda*, 2011 U.S. Dist. LEXIS 24642, *2-3 (N.D. Cal. Feb. 25, 2011) (denying petition seeking information to "name proper defendants" because "Rule 27 is inappropriate in this situation where it appears that Plaintiff is seeking discovery of unknown information, in the hopes that it will assist him in obtaining judicial relief in the future"); *In re Ford*, 170 F.R.D. 504, 507 (M.D. Ala. 1997) ("Ford simply wants to know who shot Roberts and why. Rule 27 simply does not provide for such discovery."); *In re Ramirez*, 241 F.R.D. 595, 596 (W.D. Tex. 2006) (denying Rule 27 petition that sought to identify police officers who were potential defendants); *In re Landry-Bell*, 232 F.R.D. 266, 267 (W.D. La. 2005) (denying Rule 27 petition that sought to identify person who posted photos on adult website); *In re Vioxx Prods. Liab. Litig.*, 2008 U.S. Dist. LEXIS 36744, at 10-11 (E.D. La. May 6, 2008) (using Rule 27 to obtain "basic identifying information" of Vioxx class members to pursue potential future claims against them held to be a misuse of Rule 27).

The two cases cited by Ingenuity for support are uninstructive: <u>First</u>, *GWA*, *LLC v. Cox Communs*., *Inc*., 2010 WL 1957864 (D. Conn. May 17, 2010), appears to be a form order issued without any appearance by the ISP; it permitted discovery of only a single account-holder's data and did not address the point that Rule 27 applies to "known testimony" only. It is axiomatic that cases are not authority for propositions not considered. *Haire v. United States*, 869 F.2d 531, 533 (9th Cir. 1989). <u>Second</u>, *General Bd. of Global Ministries v. Cablevision Lightpath*, *Inc.*, 2006 WL 3479332 (E.D.N.Y. Nov. 30, 2006), also involved a request to identify a single account-holder. This order, issued by a Magistrate Judge in New York, does not cite or discuss the long line of authority that, relying on the Ninth Circuit's decision in *O'Leary*, 63 F.3d 932 and on *Ash v. Cort*, 512 F.2d 909 (3d Cir. 1975), has held that Rule 27 is "not a substitute for discovery," nor

does the *Global Ministries* order address the mandatory requirements of Rule 27(a)(2). *Global Ministries* is simply not persuasive or in sync with "[t]he overwhelming weight of authority" that holds that Rule 27 is not to be used to identify potential defendants. *In re Vratoric*, 2009 U.S. Dist. LEXIS 98703, at *4 (W.D. Pa. Oct. 23, 2009).

In sum, Ingenuity's inability to show that it "cannot presently bring" a single-defendant Doe lawsuit and then seek discovery under the Court's ongoing supervision is fatal to its Petition.

**B. Ingenuity Has No Real Response to the Authority Holding That Rule 27 Is Intended Only to "Perpetuate" *Known* Testimony, Not to Discover Information Currently Unknown to Petitioner.**

The ISPs' motion cited 11 decisions that conclude correctly that for Rule 27 to apply, the information Petitioner seeks to preserve must already be known *to the Petitioner*. (Mtn. at 9-10.) Ingenuity has no real response—it simply reasserts that it is seeking "the name[s], address[es], telephone number[s], email address[es] and Media Control Access number[s]" for 38 subscriber, whose identities Ingenuity seeks to *learn* (not merely "perpetuate") in discovery. (Opp. at 7.)

Again, recent authority makes clear: "[T]he Petitioner must know *the substance of* the testimony to be preserved before it can call for a Rule 27 deposition." *In re Yamaha Motor Corp.*, 251 F.R.D. 97, 100 (N.D.N.Y. 2008) (emphasis added; citing supporting authority).[2] Here, "the substance" (if any) of the discovery sought is the names and other identifying information of the ISPs' subscribers, which Ingenuity admittedly does not know.

Contrary to Ingenuity's argument, *Martin v. Reynolds Metals Corp.*, 297 F.2d 49 (9th Cir. 1961), does not support Petitioner's proposed use of Rule 27 to obtain the subscribers' personal identifying information to pursue potential copyright infringement claims against them. (Opp. at 7-8.) *Martin* permitted discovery to be taken by a putative *defendant*—on the ground that physical evidence from a neighbor's property was required to be preserved because the

[2] *See also O'Leary*, 63 F.3d at 933 ("Rule 27 is not appropriate where . . . the petitioner seeks discovery of unknown information that the petitioner hopes will assist it in the future when the petitioner applies for judicial relief."); *Landry-Bell*, 232 F.R.D. at 267; *Ford*, 170 F.R.D. at 507; *Vratoric*, 2009 U.S. Dist. LEXIS 98703, at *4; *Wilkins*, 2011 U.S. Dist. LEXIS 24642, at *2-3; *Vioxx Prods. Litig.*, 2008 U.S. Dist. LEXIS 36744, at *10-11; *Briscoe v. Winslow Twp.*, 2010 U.S. Dist. LEXIS 86248, at *14-15 (D.N.J. Aug. 23, 2010).

neighbor had threatened suit against the petitioner for contaminating his adjacent land.[3] It does not appear that either side raised the requirement of perpetuating "known" testimony—articulated primarily in post-1961 case law—and *Martin* does not address it.

Accordingly, Ingenuity's Petition should be denied for the additional reason that Rule 27 is not intended to permit putative plaintiffs to discover information unknown to them.

### C. The Requirements for Proper Service Upon All Expected Adverse Parties—or Court-Appointed Counsel to Represent Them—Are Mandatory and Render Ingenuity's Petition Fatally Defective.

Rule 27(a)(2)'s requirements are unambiguous:

> At least 21 days before the hearing date, *the petitioner must serve each expected adverse party* with a copy of the petition *and a notice stating the time and place of the hearing* . . . . If that service cannot be made with reasonable diligence on an expected adverse party, the court may order service by publication or otherwise. *The court must appoint an attorney to represent persons not served in the manner provided in Rule 4* and to cross-examine the deponent if an unserved person is not otherwise represented.

Fed. R. Civ. P. 27(a)(2) (emphasis added).

The requirement for service upon all expected adverse parties (here, the account-holders) is mandatory, as is the requirement for a hearing at least 21 days after service on the account-holders—*if* the Court is considering granting the Petition. *Hewitt v. Helms*, 459 U.S. 460, 471 (1983) ("must" is "language of an unmistakably mandatory character"); *In re Landry*, 232 F.R.D. at 267 (denying Rule 27 petition for failure to properly serve expected adverse parties).[4]

---

[3] Putative defendants do not, a fortiori, use Rule 27 to obtain information for a complaint, and thus satisfy the rule's requirement that petitioner "cannot presently bring" an action.

[4] *See also In re I-35W Bridge Collapse*, 243 F.R.D. at 353 ("[a] court must hold a hearing on a Rule 27 petition"). As Ingenuity notes (Opp. at 13), a few cases have stated in dicta that courts might be sympathetic to requests to modify the 21-day notice period, including, e.g., where a witness is terminally ill; others hold that Rule 27 provides no flexibility to modify the statutory notice period. *In re Petition of Jacobs*, 110 F.R.D. 422, 424 (N.D. Ind. 1986) ("The court does not understand Rule 27(a)(2) to empower the court to dispense with the requirement that the movant attempt to afford the adverse parties with twenty days' notice.").

Ingenuity ignores Rule 27's plain language in arguing, without citation to authority, that "court-appointed counsel is necessary only when the potential adverse parties are not given any notice of the petition." (Opp. at 13:27-28.) Not so. "The court *must* appoint an attorney to represent persons not served in *the manner provided in Rule 4*," which of course has not happened here. Fed. R. Civ. P. 27(a)(2). Courts apply Rule 27(a)(2) as it is written: "Service must be made in accordance with Rule 4 of the Federal Rules of Civil Procedure." *Cole v. Bank of Am., LLC*, 2011 U.S. Dist. LEXIS 100921, at *3 (C.D. Cal. Sept. 7, 2011) (citing Rule 27(a)(2) and denying petition for failure to comply with rule's procedural and substantive requirements).

Given the recent proliferation of mass copyright actions involving sexually explicit films, the practical effects of interpreting Rule 27 to permit pre-suit discovery to identify potential defendants would include requiring courts (or petitioners) to find appointed counsel for tens of thousands of Does—all before any lawsuit is filed and based on nothing more than the petitioners' professed intent to "investigate potential claims" against Internet subscribers. This fact underscores that Rule 27 is not a vehicle for identifying potential defendants.

Accordingly, Ingenuity's failure to satisfy the mandatory requirements of Rule 27(a)(2) provides another compelling reason to deny the Petition.

**D. Ingenuity Also Has Not Satisfied the Final Required Element: Showing That Denial of the Petition May Cause a "Failure or Delay of Justice."**

Because Ingenuity has not demonstrated that all other substantive and procedural requirements for "perpetuating testimony" under Rule 27 are satisfied, the Court need not consider the additional element of whether Ingenuity has established that "perpetuating the testimony may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3); *see I-35W Bridge Collapse*, 243 F.R.D. at 352 ("a Rule 27 petition must meet both the procedural requirements of Rule 27(a)(1) and 'the substantive standard set forth in Rule 27(a)(3)'").

Even if, arguendo, Ingenuity had established all other elements for Rule 27 to apply, the Petition fails because denying it would not risk a failure of justice. First, Ingenuity can follow standard Doe procedures and pursue any claims that have merit by adhering to the requirements in civil actions summarized in Attachment A hereto. Second, the procedural safeguards built into

standard civil litigation—but absent in a "miscellaneous" Rule 27 proceeding—are intended to prevent failures of justice, including those caused by the misuse of subscribers' personal identifying information for coercing unjust settlements outside the context of a pending lawsuit.

In this regard, Ingenuity's discussion of First Amendment principles misses the point: Given the prevalence of shared (and unsecured) Internet connections in ISP subscribers' homes, a court's ongoing supervision in a traditional civil action is warranted to avoid shakedown tactics involving "not only those who allegedly committed copyright infringement—proper defendants to Plaintiff's claims—but [innocent] ISP 'Subscriber[s]' over whose internet connection the Work allegedly was downloaded." *Hard Drive Prods.*, 2011 U.S. Dist. LEXIS 132449, at *6-7; *see also London-Sire Records*, *Inc. v. Doe 1*, 542 F. Supp. 2d 153, 178-79 (D. Mass. 2008) (explaining the need for the court's ongoing supervision and need "for a pragmatic solution that carefully respects the anonymity of potentially innocent parties" whose Internet connections were used without authorization); *Digital Sin*, *Inc. v. Does 1-5698*, 2011 U.S. Dist. LEXIS 128033, at *10 (N.D. Cal. Nov. 4, 2011) ("Here, as has been discussed by other courts in this district, the ISP subscribers may not be the individuals who infringed upon Digital Sin's copyright.").

## IV. CONCLUSION

The ISPs respectfully urge reconsideration of the proposed Order submitted by Ingenuity. Given the recent filing of copycat Rule 27 petitions in other courts, a published decision addressing the proper scope of Rule 27 petitions in this context may be appropriate.

Dated: December 29, 2011

MORRISON & FOERSTER LLP

By: /s/ Benjamin J. Fox
Benjamin J. Fox

Attorneys for Respondents
VERIZON ONLINE LLC,
COX COMMUNICATIONS and
ROAD RUNNER HOLDCO LLC

*Counsel Continued on Following Page*

Bart Huffman (CA SBN No. 202205)
Cox Smith Matthews Incorporated
112 E. Pecan Street, Ste. 1800
San Antonio, Texas 78205
Telephone: (210) 554-5500
bhuffman@coxsmith.com

Attorneys for Respondent
SBC INTERNET SERVICES, INC.
d/b/a AT&T INTERNET SERVICES

# ATTACHMENT A

| **Standard "Doe" Pleading and Civil Practice** | **Ingenuity's Proposed Use of Rule 27** |
|---|---|
| Rule 11 requires a proper pre-filing investigation before filing a complaint. | Ingenuity may never file a lawsuit. |
| Plaintiff must file its lawsuit. | N/A |
| Plaintiff has the burden to show that joinder of multiple alleged infringers in the same lawsuit is proper. *See*, *e.g.*, *Digital Sin, Inc. v. Does*, 2011 U.S. Dist. LEXIS 128033, at *7-8 (N.D. Cal. Nov. 4, 2011) (addressing similar copyright case against multiple Doe defendants). | Rule 20's rules for joinder apparently do not apply. |
| All known defendants must be served with the summons and complaint, and all other papers. | N/A. (Ingenuity expects the non-party ISPs to give notice to their account-holders *after* subpoenas have issued.) |
| Plaintiff must file a Rule 26 report addressing its proposed discovery and pre-trial plans, etc. | No Rule 26 report is required. |
| The Court will set a scheduling conference at which time it will have an opportunity to inquire about the parties' claims and defenses, service issues, and anticipated discovery issues. | No scheduling conference is held. |
| No discovery is permitted until after the Rule 26 conference, absent ex parte relief which is granted only in extraordinary circumstances. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). | No Rule 26 conference is held. Ingenuity wants to serve its subpoenas immediately. |
| Once discovery commences, the Court retains jurisdiction to supervise it. | An order granting a Rule 27 petition is a final order that concludes the miscellaneous proceeding. *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 54 (9th Cir. 1961). |

| | |
|---|---|
| Interested third-parties may assert any valid objection by moving to quash the subpoena. | The proposed order limits the objections that account-holders or other interested third-parties may assert in a motion to quash. (Ingenuity's Proposed Order ¶ 3.) |
| The Court may enter a protective order limiting the use and further dissemination of information produced in discovery. | The miscellaneous action concludes with a ruling on the Rule 27 petition. |
| Non-parties are not required to preserve records for litigation in which they have no interest. | Ingenuity seeks an order requiring the ISPs to preserve records. (Proposed Order ¶ 4.) |
| Subpoenaed non-parties are permitted to seek reimbursement for costs incurred responding to subpoenas. | Ingenuity seeks to require the ISPs to "confer with Petitioner before assesing [sic] any charge" for costs incurred in responding to the subpoenas. (Protective Order ¶ 5.) |
| Documents produced in discovery that contain private information (including account-holders' information) typically are to be used only for purposes of the pending litigation, consistent with a standard stipulated protective order. | Ingenuity seeks to use the account-holders' data for any purpose, provide that the information is used to "protect its rights" to the adult film. (Protective Order ¶ 7.) |
| Plaintiff must seek leave to amend the complaint to identify Doe defendants. | No complaint has been filed. |
| The Court is informed if settlements are reached; dismissal of the lawsuit requires court approval. | Ingenuity would never be required to disclose to the Court any coerced settlements with account-holders. |

la-1153541