IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:11-mc-23891-KMM

*In re* SSC GROUP, LLC,

    Petitioner.
_____/

## ORDER DENYING PETITION TO PERPETUATE TESTIMONY

THIS CAUSE came before the Court upon Petitioner SSC Group, LLC's Petition to Perpetuate Testimony (ECF No. 1). Non-parties Verizon Online LLC ("Verizon") and Bright House Networks, Inc. ("Bright House") filed a Response to the Petition (ECF No. 5). The Petition is now ripe for review. UPON CONSIDERATION of the Petition, the Response, the pertinent portions of the Record, and being otherwise fully advised in the premises, this Court enters the following Order.

## I. BACKGROUND[1]

This is a pre-suit petition by SSC Group, who is the owner of a sexually explicit "adult" film titled "Isis Gets Slam Dunked." SSC Group alleges that between May 19, 2011, and May 26, 2011, seven individuals from Florida used the BitTorrent file transfer protocol to commit copyright infringement.[2] The true names and identifying information of the alleged infringers, however, are unknown to SSC Group. Consequently, SSC Group seeks to use Federal Rule of Civil Procedure 27(a) to obtain identifying information—such as the alleged infringers' names and home addresses—from Internet Service Providers ("ISP"), Verizon, Bright House, and

---

[1] The facts herein are taken from Petitioner SSC Group, LLC's Petition to Perpetuate Testimony (ECF No. 1).
[2] This Court has provided an overview of the BitTorrent file transfer protocol in a prior Order. See Liberty Media Holdings, LLC v. BitTorrent Swarm, No. 1:11–cv–21525-KMM, 2011 WL 5190048, at *1 (S.D. Fla. Nov. 1, 2011).

1

Comcast Cable Communications, LLC, so that it may bring a formal civil action against the alleged infringers for copyright infringement.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 27(a) governs the perpetuation of testimony by deposition prior to the commencement of a formal action. The rule exists to prevent a "failure or delay of justice" in such situations where evidence that would be "distinctly useful to a finder of fact" in a future action might otherwise be lost prior to the future action. See Application of Deiulemar Compagnia Di Navigazione S.P.A. v. M/V Allegra, 198 F.3d 473, 486 (4th Cir. 1999) (quoting In re Bay Cnty. Middlegrounds Landfill Site, 171 F.3d 1044, 1047 (6th Cir.1999)); see also Ash v. Cort, 512 F.2d 909, 911 (3d Cir.1975).

A party who desires to "perpetuate testimony about any matter cognizable in a United States court" may file a petition in district court for an order "authorizing the petitioner to depose the named persons in order to perpetuate their testimony." The petition must show (1) the petitioner "expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought"; (2) "the subject matter of the expected action and the petitioner's interest"; (3) "the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it"; and (4) "the name, address, and expected substance of the testimony of each deponent." Fed. R. Civ. P. 27(a)(1).

## III. ANALYSIS

SSC Group seeks to perpetuate the testimony of Verizon, Bright House, and Comcast Cable Communications, LLC, to obtain "testimony . . . concerning the personally identifying information for each of its internet service subscribers whose accounts were used to infringe upon Petitioner's copyrights." Pet., at 3 (ECF No. 1). "It is well-established in case law that

perpetuation means the perpetuation of known testimony. In other words, Rule 27 may not be used as a vehicle for discovery prior to filing a complaint." In re Petition of Allegretti, 229 F.R.D. 93, 96 (S.D.N.Y. 2005); see also M/V Allegra, 198 F.3d 485–86; Ash, 512 F.2d at 912 ("We reiterate that Rule 27 is not a substitute for discovery."). According to SSC Group's own admission, "The true names and capacities, whether individual, corporate, associate or otherwise, of the infringers are unknown to Petitioner." Id. at 1. In light of this admission, it is clear that the *only* purpose behind SSC Group's Petition is to conduct discovery prior to filing a complaint. Consequently, SSC Group's Petition fails.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Petitioner SSC Group, LLC's Petition to Perpetuate Testimony (ECF No. 1) is DENIED. The Clerk of the Court is directed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 26st day of January, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record