Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Petitioner*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter Of a Petition By )<br>)<br>INGENUITY13 LLC, )<br>)<br>)<br>Petitioner. )<br>)<br>)<br>)<br>) | **No. 2:11-MC-00084-JAM-DAD**<br><br>**RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY** |

      Petitioner INGENUITY 13 LLC submits its response to Respondent's Notice of Supplemental Authority filed on February 16, 2012. (ECF No. 22.)

      The Court should not place any weight on the supplemental authority for two key reasons. First, the decision was issued on pleadings not submitted by Petitioner (or Petitioner's counsel) and the procedural posture of the decision, including whether the decision will be appealed, is unknown at this time. Second, the reasoning in the decision is directly contrary to this Circuit's precedent.

      The court in the supplemental authority held that because the petitioners did not know the names of the ISP subscribers, *a priori*, that any request to preserve the names from permanent destruction would constitute impermissible pre-suit discovery. While this reasoning may be consistent with Eleventh Circuit precedent, it is inconsistent with this Circuit's precedent.

      In *Martin v. Reynolds*, the Ninth Circuit affirmed the district court's grant of the petitioner's Rule 27 petition. *Martin v. Reynolds Metal Corp.*, 297 F.2d 49, 55 (9th Cir. 1961). The petitioner in that case sought to take fluorine samples before the passage of time permanently destroyed the sample material. *Id.* The petitioner did not "know", *a priori*, the fluorine levels in the material it

sought to sample. *Id.* The Ninth Circuit did not believe that this lack of knowledge would immediately turn the preservation request into impermissible pre-suit discovery. *Id.* Instead, the focus of the Ninth Circuit's inquiry was in the narrowness of the scope of preservation request and the relevance of the information sought to be preserved. *Id.*

      Because the procedural posture of the supplemental authority is unclear, and further, and more importantly, because it is demonstrably inconsistent with Ninth Circuit precedent, this Court should not place any weight on its reasoning.

Respectfully Submitted,

Ingenuity13 LLC,

**DATED: February 16, 2012**

By:    /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*