IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

In the Matter Of a Petition By

INGENUITY 13 LLC,                                     No. 2:11-mc-0084 JAM DAD

ORDER

_____/

On January 27, 2012, this matter came before the undersigned for hearing of the motion for reconsideration of the court's November 14, 2011 order granting petitioner Ingenuity 13 LLC's October 28, 2011 ex parte Rule 27 petition submitted in this miscellaneous action.[1] The motion for reconsideration was filed on behalf of respondents Cox Communications, Road Runner Holdco LLC, SBC Internet Services, Inc. d/b/a AT&T Internet Services, and Verizon Online LLC. Also heard at that time was a motion to quash filed on January 26, 2012, on behalf of DOE 1.

Brett L. Gibbs appeared telephonically on behalf of petitioner, Ingenuity 13 LLC. Attorney Bart W. Huffman appeared telephonically on behalf of SBC Internet Services, Inc. Attorney Benjamin J. Fox appeared telephonically on behalf of Cox Communications, Road

---

[1] A motion to quash was also filed on January 23, 2012, by "Doe 8 of 38," who is proceeding pro se. (Doc. No. 19.) That motion to quash. however, was not noticed for hearing.

1

Runner Holdco, and Verizon Online LLC.  Attorney Joseph C. Edmondson appeared telephonically on behalf of DOE 1.  Oral argument was heard, and the parties' motions were taken under submission.

For the reasons set forth below, upon consideration of the briefing on file, the parties' arguments at the hearing, and the entire file, respondents' motion for reconsideration will be granted.[2]

## BACKGROUND

Petitioner, Ingenuity 13 LLC (hereinafter "Ingenuity"), is a producer of adult entertainment.  On October 28, 2011, Ingenuity filed a verified ex parte petition seeking an order pursuant to Rule 27 of the Federal Rules of Civil Procedure authorizing the issuance of subpoenas duces tecum to various Internet Service Providers ("ISPs") requiring the production of account holder information associated with certain Internet Protocol ("IP") addresses.  ("Pet." (Doc. No. 1.)).

Rule 27 provides that:

> A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides.  The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony.  The petition must be titled in the petitioner's name and must show:
>
> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

/////

---

[2] In light of the granting of respondents' motion for reconsideration, the motions to quash filed by the Doe movants will also be granted.

2

(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

(E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. Pro. 27(a)(1)(A)-(E).

In its Rule 27 ex parte petition Ingenuity alleged as follows. Ingenuity's adult entertainment content is being unlawfully reproduced and distributed over the internet in violation of Ingenuity's rights under the United States Copyright Act, 17 U.S.C. §§ 101, *et seq*. (Pet. (Doc. No. 1) at 1.[3]) Ingenuity anticipates bringing a civil action against the persons engaging in such unlawful activity. Id. That civil action would be cognizable in a United States court, which have exclusive jurisdiction over copyright actions. Id. However, without knowing the identities of the anonymous infringers, Ingenuity has no means to name and serve those individuals with summons and complaint. Id. Through its petition Ingenuity seeks to ascertain the identities of the infringing individuals. Id. Specifically, the petition seeks approval of the issuance of subpoenas requiring the production of the name, address, telephone number, e-mail address and Media Control Access number associated with thirty-eight IP addresses identified by petitioner from nine ISPs. Id. at 2. Finally, the information Ingenuity seeks is regularly destroyed by the ISPs in the course of business. Id.

Finding that Ingenuity's ex parte submission satisfied the requirements of Rule 27, on November 14, 2011, the undersigned granted the petition by signing and filing the proposed order provided by petitioner. ("Order Granting Pet." (Doc. No. 8.)). That order provided the ISPs served with a subpoena thirty days in which to provide notice to the subscribers whose information was sought by petitioner, thirty days for any subscriber to then move to quash or otherwise object to the subpoena and, if no objection or motion to quash was

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1  filed, another ten days for the ISPs to produce the information sought to petitioner.  Id. at 2-3.

2  Respondents Cox Communications, Road Runner Holdco LLC, SBC Internet Services, Inc. d/b/a AT&T Internet Services, and Verizon Online LLC, are four of the nine ISPs from whom petitioner seeks the subscriber information in question.  On November 28, 2011, these four ISPs moved for reconsideration of the court's November 14, 2011 order.  ("Mot. Recons." (Doc. No. 9.)).[4]  After a briefing schedule was set (Doc. No. 12), on December 22, 2011, petitioner filed a response to the motion for reconsideration.  ("Resp." (Doc. No. 13).)  On December 29, 2011, respondents filed a reply.  ("Reply" (Doc. No. 15.)).

On January 23, 2012, a motion to quash was filed by "Doe 8 of 38," who is proceeding pro se.  (Doc. No. 19.)  The following day, the undersigned ordered that argument on respondents' motion for reconsideration be heard on January 27, 2012.  (Doc. No. 18.)  On January 26, 2012, a motion to quash was filed on behalf of "DOE 1" and set for hearing on January 27, 2012.  (Doc. No. 26.)

LEGAL STANDARDS APPLICABLE TO RESPONDENTS' MOTION

Pursuant to Local Rule 230, a party seeking reconsideration of an order must brief the "new or different facts or circumstances . . . which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . and why the facts or circumstances were not shown at the time of the prior motion."  Generally speaking, before reconsideration may be granted there must be an intervening change in the controlling law or facts, the need to correct a clear error, or the need to prevent manifest injustice.  389 Orange Street Partners v. Arnold, 179

---

[4] On December 13, 2011, the assigned District Judge directed the motion for reconsideration to the undersigned. (Doc. No. 11.) Although the minute order doing so used the word "referred," there was no reference in that minute order to Local Rule 302(a) and its provision for specific designation of matters by a District Judge to be heard by a Magistrate Judge. Rather, the motion was directed to the undersigned because it is in fact a motion to reconsider an ex parte petition granted by the undersigned. The motion for reconsideration will therefore be addressed by way of order. If any party wishes to seek review of this order, they may do so by filing a motion for reconsideration before the assigned District Judge pursuant to Local Rule 303.

F.3d 656, 665 (9th Cir. 1999); United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997).

ANALYSIS

I. Respondents' Motion

Respondents ask the court to reconsider the November 14, 2011 order granting the Rule 27 ex parte petition arguing, in part, that: (1) the petition does not satisfy the requirements of Rule 27(a)(1)(A); (2) Rule 27 is not a vehicle to be used to identify potential defendants in a civil action; and (3) petitioner failed to comply with the requirements of Rule 27(a)(2).[5]  (Mot. Recons. (Doc. No. 9) at 7-8.)

In evaluating respondents' motion for reconsideration, the undersigned notes at the outset that petitioner cited two cases in support of its initial ex parte petition, GWA, LLC v. Cox Communications, Inc., No. 3:10-cv-741 (WWE), 2010 WL 1957864 (D. Conn. May 17, 2010) and General Bd. of Global Ministries of the United Methodist Church v. Cablevision Lightpath, Inc., No. CV 06-3669 (DRH)(ETB), 2006 WL 3479332 (E.D. N.Y. Nov. 30, 2006). This court's decision to grant petitioner's Rule 27 petition was based entirely on the holdings in GWA, LLC and General Bd. of Global Ministries.  Having now reconsidered the November 14, 2011 order in light of the arguments raised by respondents, the court finds that the two cases relied upon in entering the original order are not persuasive.

In GWA, LLC, the petitioner filed a Rule 27 petition seeking the identity of an internet service subscriber of Cox Communication in anticipation of naming that subscriber in an action under the Stored Communications Act and the Computer Fraud and Abuse Act.  2010 WL 1957864, at *1.  The district court found that the petition had met the requirements of Rule 27 and granted the petitioner's verified petition, ex parte and without the appearance of an ISP,

---

[5] In opposing respondents' motion for reconsideration, petitioner first argues that respondents lack standing to challenge the court's order granting the Rule 27 petition because respondents are not parties to this action and have no interest in the underlying dispute. (Resp. (Doc. No. 13) at 3.)  However, respondents' motion for reconsideration has subsequently been joined by a Doe defendant who is a party to this action and who does have an interest in the underlying dispute, rendering petitioner's standing concerns moot.  (Doc. No. 20 at 3.)

issuing an order similar to the proposed order submitted and issued in this action. Id. at *1-*2. The order issued in GWA, LLC, was summary in nature and appears likely also to be a proposed order submitted by the petitioner in that case. Neither this court's order or the order issued in GWA, LLC addresses in any detail the issues now being raised by respondents in their motion for reconsideration. For the reasons explained below, this court now finds the decision in GWA, LLC, to be unpersuasive. See generally, Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 119 (1984) ("These cases thus did not directly confront the question before us."); Hoover v. Wise, 91 U.S. 308, 313-14 (1875) (noting that cases "in which the point before us was not raised or brought to the notice of the court. . . . are not authority on the point."); Marant v. Farrell Lines, Inc., 550 F.2d 142, 146 (3rd Cir. 1977) ("And it is well established that '[a] decision is not authority as to any questions of law which were not raised or presented to the court, and were not considered and decided by it, even though they were logically present in the case and might have been argued, and even though such questions, if considered by the court, would have caused a different judgment to be given.'") (quoting H. BLACK, LAW OF JUDICIAL PRECEDENTS 37 (1912)).

In General Bd. of Global Ministries v. Cablevision Lightpath, Inc., the petitioner filed a Rule 27 petition alleging that an unknown individual accessed the e-mail accounts of 7 of the petitioner's employees, including Jan Love, the chief executive of the petitioner's Women's Division. 2006 WL 3479332, at *1. The petition alleged that the unknown individual accessed Ms. Love's e-mail account and sent an e-mail in Ms. Love's name to 3 other employees implying that the 3 employees were going to be fired. Id. Upon learning of this incident, the petitioner's network administrator located the IP address of the unknown individual who accessed Ms. Love's e-mail account. Id. The network administrator then used an internet website to identify the ISP for the IP address. Id. The petitioner contacted the ISP and requested the identity of the user of the IP address. Id. The ISP refused to disclose the information and notified the petitioner that it had a practice of deleting relevant electronic records within 90 days. Id.

6

The court in <u>General Bd. of Global Ministries</u> first entered an order directing the ISP to preserve the information sought by the petitioner and then shortly thereafter granted the Rule 27 petition. <u>Id.</u> at 2. In the order granting the petition the court ordered the ISP to provide notice to the subscriber that in compliance with the court's order the ISP intended to disclose documents related to the subscriber to the petitioner. <u>Id.</u> Shortly thereafter the subscriber, Ms. Lavonne Brown, appeared pro se and moved for an order enjoining the ISP from disclosing the records related to her. <u>Id.</u>

In response, the petitioner filed a memorandum in support of the application for disclosure pursuant to Rule 27, arguing that the petitioner was entitled to relief pursuant to the Stored Communications Act and that the petition complied with Rule 27. <u>Id.</u> Thereafter, Ms. Brown filed a letter response arguing that the disclosure of documents related to her would violate her right to privacy and her constitutional rights. <u>Id.</u> The petitioner filed a reply arguing that Ms. Brown had not stated a constitutional basis for denying the requested relief. <u>Id.</u> The petitioner also argued that although Ms. Brown asserted that she had not committed any wrongdoing, "the purpose of the petition is simply to obtain discovery in order to identify the unknown individual as a party defendant in this action." <u>Id.</u>

The court in <u>General Bd. of Global Ministries</u> examined the petitioner's Rule 27 petition and found that:

> [P]etitioner has demonstrated all the factors for Rule 27 except the fourth and fifth. At this time however, petitioner is unable to ascertain the names of adverse parties. This is the reason for the petition. Also, petitioner is not able to name witnesses. A petition may be granted in the absence of such information. See <u>In Re Alpha Industries, Inc.</u>, 159 F.R.D. 456 (S.D. N.Y. 1995) (granting rule 27 petition and discovery to allow petitioner to determine defendant in an action).
>
> The identity of the unknown party defendant may be obtained through Cablevision, which is able to match the IP address to its subscriber. Furthermore, without court intervention, the information would be lost, since Cablevision routinely destroys such data in the ordinary course of its business after 90 days. See <u>In Re: Town of Amenia</u>, 200 F.R.D. 200 (S.D. N.Y. 2001)

(granting Rule 27 petition and noting "[t]here is a significant risk that Mr. Selfridge's testimony will be lost if not perpetuated at this time.... [Such] expected testimony is highly valuable and no substitute source of the information which he may provide has been identified.").

Id. at *4.

After careful reconsideration, however, the undersigned disagrees with the analysis and conclusion of the court in General Bd. of Global Ministries, for the reasons explained below.

A. Requirements of Rule 27(a)(1)(A)

Rule 27(a)(1)(A) provides that a Rule 27 petition must show:

> that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought[.]

Here, in its verified petition petitioner asserts that without knowing the identities of the anonymous infringers petitioner has no means to name and serve these individuals with summons and complaint. (Pet. (Doc. No. 1) at 1-2.)

The court in General Bd. of Global Ministries found that the petitioner there satisfied the requirement of Rule 27(a)(1)(A), presumably because the petitioner did not know the identity of the adverse party, though the court did not address this issue in any detail. 2006 WL 3479332, at *4. Here, petitioner cites the order of the court in General Bd. of Global Ministries in support of its argument that because it is unaware of the identities of the infringers it cannot presently bring a civil action or cause it to be brought. (Resp. (Doc. No. 13) at 5-6.) The court finds this conclusory representation to be unpersuasive. As counsel for the ISPs points out, petitioner can bring an action despite its lack of knowledge of the identity of the defendant(s) by filing a Doe defendant complaint. In this regard, "[w]hen a defendant's [identity] is not known at the time a complaint is filed, courts often grant plaintiffs early discovery to determine the doe defendants' identities 'unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" AF Holdings LLC v. Does 1-96,

No. C-11-0335 JSC, 2011 WL 4502413, at *1 (N.D. Cal. Sept. 27, 2011) (quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).

Indeed, the filing of a Doe defendant complaint has been frequently employed in factual circumstances nearly identical to the one presented here.  See generally, First Time Videos, LLC v. John Doe, No. CIV S-11-3478 GEB EFB, 2012 WL 170167 (E.D. Cal. Jan. 19, 2012); Hard Drive Prods., Inc. v. John Doe, Civ. No. S-11-3476 MCE CKD, 2012 WL 126247 (E.D. Cal. Jan. 17, 2012); SBO Pictures, Inc. v. Does 1-3036, No. 11-4220 SC, 2011 WL 6002620 (N.D. Cal. Nov. 30, 2011); AF Holdings LLC v. Does 1-96, No. C-11-03335 JSC, 2011 WL 5864174 (N.D. Cal. Nov. 22, 2011); Hard Drive Prods., Inc. v. Does 1-130, No. C-11-3826 DMR, 2011 WL 5573960 (N.D. Cal. Nov. 16, 2011); Berlin Media Art E.K. v. Does 1-146, 2011 WL 4056167 (E.D. Cal. Sept. 12, 2011); AF Holdings LLC v. Does 1-97, No. C-11-03067-CW (DMR), 2011 WL 2912909 (N.D. Cal. July 20, 2011); Pac. Century Int'l Ltd. v. Does 1-101, No. C-11-02533-(DMR), 2011 WL 2690142 (N.D. Cal. July 8, 2011).[6]

Accordingly, upon reconsideration the undersigned finds that the October 28, 2011 ex parte petition does not establish that petitioner is presently unable to bring an action or cause it to be brought as required by Rule 27.

B. Identifying Potential Defendants

In General Bd. of Global Ministries the court granted a Rule 27 petition where the petitioner was attempting to discover the identity of the party they wished to name as a defendant, finding that a Rule 27 petition could be used to obtain the "identity of the unknown party defendant . . ." 2006 WL 3479332, at *4.  Here, petitioner's Rule 27 petition seeks the identities of the subscribers associated with the identified IP addresses in contemplation of "an

---

[6] Petitioner's counsel has himself filed such Doe defendant complaints in other actions involving similar factual circumstances.  See Hard Drive Prods., Inc. v. John Doe Associated With IP Address: 24.7.26.204, No. C-11-1959 EMC, 2012 WL 646233 (E.D. Cal. Feb. 28, 2012); First Time Videos, LLC, v. John DOE, No. CIV S-11-3478 GEB EFB, 2012 WL 423714 (E.D. Cal. Feb. 8, 2012); First Time Videos, LLC v. Does 1-95, No. C 11-3822 MEJ, 2011 WL 4724882 (N.D. Cal. Oct. 7, 2011).

9

anticipated civil action to be brought against defendant(s) . . . for copyright infringement and civil conspiracy." (Pet. Mem. Of P&A (Doc. No. 1-6) at 5.)

Rule 27, however, is focused on the perpetuation of known testimony or evidence. See Application of Checkosky, 142 F.R.D. 4, 6-7 (D. D.C. 1992); see also Lucas v. Judge Advocate General, Naval Criminal Investigative Services, 245 F.R.D. 8, 9 (D. D.C. 2007) ("A petition may be granted where, for example, a witness will be unavailable because of age or infirmity."). It is well-established that Rule 27 is not a vehicle for pre-suit discovery. See In re Landry-Bell, 232 F.R.D. 266, 267 (W.D. La. 2005); see also Petition of Gurnsey, 223 F. Supp. 359, 360 (D. D.C. 1963) (noting that a Rule 27 petition "may be used in instances where as a result of time the witness's testimony might become unavailable. It is not a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted.").

Here, the only information known to petitioner is the identified IP addresses. The Rule 27 petition in this case seeks the identities of the subscribers associated with the identified IP addressees. However, that information alone would not reveal who actually downloaded petitioner's work, since the subscriber's internet connection could have been used by another person at the subscriber's location, or by an unknown party who obtained access to the subscriber's internet connection without authorization. See AF Holdings LLC v. Does 1-96, 2011 WL 5864174, at *4; Digital Sin, Inc. v. Does 1-5698, No. C 11-04397 LB, 2011 WL 5362068, at *4 (N.D. Cal. Nov. 4, 2011). Accordingly, even if it obtained the identities of the subscribers associated with the identified IP addresses, petitioner would be required to engage in further pre-filing discovery to determine if a viable cause of action existed against any of the identified subscribers. See generally, Hard Drive Productions, Inc. v. Does 1-130, 2011 WL 5573960, at *2-*3.

Upon reconsideration and after considering the points raised by the respondent ISPs, it appears clear that the October 28, 2011 ex parte petition filed in this case does not seek to

preserve known testimony or evidence. Rather, at its heart the ex parte petition represents an effort by petitioner to engage in pre-suit discovery to enable petitioner to determine whether a cause of action exists and, if so, against whom the action should be instituted. This is not the proper purpose of a Rule 27 petition and is certainly outside the heartland of that provision. See In re Landry-Bell, 232 F.R.D. at 267; Petition of Gurnsey, 223 F. Supp. at 360.

### C. Requirements of Rule 27(a)(2)

With respect to notice and service, Rule 27 provides that:

> At least 21 days before the hearing date, the petitioner must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing. The notice may be served either inside or outside the district or state in the manner provided in Rule 4. If that service cannot be made with reasonable diligence on an expected adverse party, the court may order service by publication or otherwise. The court must appoint an attorney to represent persons not served in the manner provided in Rule 4 and to cross-examine the deponent if an unserved person is not otherwise represented. If any expected adverse party is a minor or is incompetent, Rule 17(c) applies.

Fed. R. Civ. Pro. 27(a)(2). Here, petitioner cited General Bd. of Global Ministries in support of its argument that service of the court's order granting the petition by the ISPs on the subscribers satisfies the rule's notice and service requirement. (Resp. (Doc. No. 13) at 13.) In General Bd. of Global Ministries the court granted the Rule 27 petition before it despite non-compliance with the letter of the rule's notice and service requirements, stating merely:

> At this time however, petitioner is unable to ascertain the names of adverse parties. This is the reason for the petition. Also, petitioner is not able to name witnesses. A petition may be granted in the absence of such information.

2006 WL 3479332, at *4.

Upon reconsideration and in light of the authorities provided by respondents, the undersigned now finds this reasoning unpersuasive. The notice and service requirement of Rule 27 is clearly stated. See In re Landry-Bell, 232 F.R.D. at 266 ("Subsection (a)(2) requires notice to the potential adverse parties and service of the petition upon them."); see also Petition of

11

Jacobs, 110 F.R.D. 422, 424 (N.D. Ind. 1986) ("The court does not understand Rule 27(a)(2) to empower the court to dispense with the requirement that the movant attempt to afford the adverse parties with twenty days' notice."). While it is true that petitioner in this case probably cannot satisfy the rule's notice and service requirement because it is unaware of the identities and locations of the adverse parties, that fact itself is a further indication of the rule's inapplicability to present factual circumstances.

Accordingly, upon reconsideration this court concludes that the October 28, 2011 ex parte petition also fails to comply with the notice and service requirements of Rule 27.

## CONCLUSION

For the reasons stated above, the undersigned finds that respondents have demonstrated that the court's November 14, 2011 order granting the ex parte petition was clearly in error.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondents' November 28, 2011 motion for reconsideration (Doc. No. 9) is granted;

2. The November 14, 2011 order granting the petition (Doc. No. 8) is vacated;

3. Petitioner's October 28, 2011 petition (Doc. No. 1) is denied;

4. The motion to quash filed January 23, 2012, by Doe 8 (Doc. No. 19) is granted; and

5. The motion to quash filed January 26, 2012, by DOE 1 (Doc. No. 20) is granted.

DATED: March 20, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.civil\ingenuity13llc0084.mtr.grt.order