1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   In the Matter of a Petition By   )   Case No. 2:11-mc-00084-JAM-DAD
                                       )
12   INGENUITY 13, LLC,                )
                                       )   ORDER DENYING PETITIONER'S
13                    Petitioner.      )   REQUEST FOR RECONSIDERATION OF
                                       )   MAGISTRATE JUDGE'S ORDER
14                                     )
                                       )
15                                     )
                                       )
16                                     )
                                       )
17   _____ )

18        This matter was referred to a United States Magistrate Judge

19   pursuant to Local Rule 72-302(c)(1).

20        On March 21, 2012, the Magistrate Judge filed an order (the

21   "Order") vacating an order granting Ingenuity 13, LLC's

22   ("Petitioner") petition under Federal Rule of Civil Procedure 27

23   ("Rule 27") (Doc. # 24).  On March 23, 2012, Petitioner filed the

24   present Request for Reconsideration (Doc. # 25) seeking

25   reconsideration of the Order.  Respondents Cox Communications,

26   Inc.; Road Runner Holdco, LLC; SBC Internet Services, Inc.; and

27   Verizon Online LLC ("Respondents") oppose reconsideration (Doc. #

28   26).

                                       1

1     28 U.S.C. § 636(b) and E.D. Cal. Local Rule 303 govern the

2  standard for a Motion for Reconsideration.  The district court "may

3  reconsider any pretrial matter . . . where it has been shown that

4  the magistrate judge's order is clearly erroneous or contrary to

5  law."  28 U.S.C. § 363(b)(1)A); E.D. Cal. Local Rule 303(f).

6     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C)

7  and Local Rule 72-303, this Court has conducted a de novo review of

8  the Order vacating grant of Petitioner's Rule 27 petition and

9  denying issuance of the same.  For the reasons given below,

10 Petitioner's Motion for Reconsideration is denied.

11     Petitioner argues that the Order exceeded the Magistrate

12 Judge's statutory authority because it purportedly quashed

13 subpoenas issued by other courts.  The Order granted two motions to

14 quash (Doc. ## 19, 20) filed by Doe parties.  The first, filed by a

15 pro se litigant, seeks to quash Petitioner's Rule 27 petition, but

16 also seeks to quash an unidentified subpoena.  Pro se pleadings are

17 construed liberally.  Porter v. Ollison, 620 F.3d 952, 958 (9th

18 Cir. 2010).  The clear object of the first motion to quash is

19 Petitioner's Rule 27 petition, not subsequent or unrelated

20 subpoenas issued by other courts.  Accordingly, the Magistrate

21 Judge did not exceed his statutory authority in granting the first

22 motion to quash.  The second motion to quash only contains

23 arguments and language directed at Petitioner's Rule 27 petition,

24 meaning that the Magistrate Judge was authorized to grant it as

25 well.

26     Petitioner next argues that Respondents lack standing to

27 challenge the petition because they are not anticipated adverse

28 parties.  Respondents argue that they do not lack standing because

2

1  Petitioner seeks to take discovery of them, and they have standing

2  to challenge the Rule 27 petition on that basis.  Respondents cite

3  numerous cases permitting non-parties to challenge Rule 27

4  petitions.  See e.g., State of Nev. v. O'Leary, 63 F.3d 932, 934

5  (9th Cir. 1995).  Additionally, it is well settled that a party

6  challenging government action of which he is the object has

7  constitutional standing.  See Lujan v. Defenders of Wildlife, 504

8  U.S. 555, 561-62 (1992).  In this case, Petitioner moves for a

9  court order compelling production of information held by

10 Respondents.  Respondents therefore have standing to oppose such an

11 order.

12      Finally, Petitioner seeks reconsideration of the Order denying

13 the Rule 27 petition on the ground that it is clearly contrary to

14 law.  The Magistrate Judge's Order comprehensively reviews

15 controlling and persuasive Rule 27 precedent and determines that

16 Rule 27 does not apply to the type of discovery sought by

17 Petitioner.  Order, at 5-12.  Further, other district courts

18 confronted with Rule 27 petitions have reached similar conclusions.

19 See Wilkins v. Cnty. of Alameda, No. C 10-3090 LHK (PR), 2011 WL

20 768646, 0-1, Slip Copy (N.D. Cal. Feb. 25, 2011); In re Landry-

21 Bell, 232 F.R.D. 266, 267 (W.D. La. 2005).  Accordingly, the Court

22 finds that the Order is not clearly contrary to law.

23

24                              ORDER

25      For the reasons set forth above, the Motion to Reconsider

26 the Magistrate Judge's Ruling is DENIED.

27      IT IS SO ORDERED.

28 Dated: April 19, 2012

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

3